**Captain Edmund MORAN, Plaintiff–Appellant,**

v.

**Donald H. WHALEY et al., Defendants–Respondents.**

No. 41678.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 9, 1980.

Rehearing Denied Oct. 17, 1980.

Application to Transfer Denied Dec. 15, 1980.

London Greenberg & Fleming, C. John Pleban, St. Louis, for plaintiff–appellant.

David O. Danis, St. Louis, for defendants–respondents.

CRIST, Judge.

Captain Edmund Moran (hereinafter referred to as "Moran") was found guilty by the Board of Police Commissioners (hereinafter referred to as "Board") of violating Rule 9, Section 9.001(b) in that he "intentionally and knowingly" violated Administrative Order 74–A–2, Section I, Administrative Order 74–A–4, Section III, (E), and Special Order 72–S–25, Section VI, page 22. Moran was also found guilty of violating Rule 9, Section 9.001(m). The Board ordered that Moran be given a written reprimand. We reverse.

The scope of judicial review for administrative agency decisions is limited to a determination of whether or not the order is supported by competent and substantial evidence based upon the whole record. *Mis-*

*souri Church of Scientology v. State Tax Commission,* 560 S.W.2d 837, 838 (Mo.banc 1977). The reviewing court is not to determine the weight of the evidence nor substitute its discretion for that of the administrative body. *Perez v. Webb,* 533 S.W.2d 650, 654 (Mo.App.1976).

We must determine if the Board's findings and conclusions are reasonable in light of all the evidence presented. If they are clearly contrary to the overwhelming weight of the evidence, it is our duty to reverse the Board or order any further action that is appropriate. *Vlasak v. Alternative System of Police Retirement System,* 435 S.W.2d 726, 729 (Mo.App.1968).

Moran was captain and commander of the Second District Police Station, St. Louis Metropolitan Police Department, at all times pertinent to the charges. Fourteen charges were filed against him alleging that he had violated certain provisions of the police manual and special and administrative orders issued by the Chief of Police. The hearing before the Board began on January 16, 1978. At its conclusion, the hearing officer recommended that Moran be found not guilty of all charges. The Board rejected this recommendation and found Moran guilty of two of the fourteen charges.

The evidence establishes that as a factual matter Moran knowingly and intentionally acted contrary to three separate orders pertaining to the bonding and release of prisoners at a district station. The orders required Moran to delay certifying or accepting a valid bond for a felony prisoner until the prisoner could be transported to the central station for processing. Moran acted contrary to these orders by releasing felony prisoners on bond at the district station because he felt that the bond was a court order to immediately release the prisoner which took precedence over contrary police regulations. The Board found Moran guilty of violating a police manual provision that required him to obey these orders initially, regardless of whether they were "unjust or improper." The provision also provided for but did not require an appeal to superior officers to inform them of any conflicts.

In effect, Moran was found guilty of violating a manual provision only because he violated three regulations or orders. These regulations or orders that Moran disobeyed were effectively made invalid by the presentation of the bail bonds. A bail bond, if it is valid, is a court order to release the prisoner immediately, which overrides any contrary police regulations. Although it is unclear why, in so many instances, Moran was presented with a bail bond at the district station before the prisoner could be transported to the central station for processing, there was no dispute as to the validity of the bonds. Moran did what he was legally directed and required to do. Because the three underlying regulations were invalid upon the presentation of the bonds, Moran cannot be held to have violated the manual provision Rule 9, Section 9.001(b).

We are not unmindful of the need for prisoner processing. The identity of a prisoner can be lost if a bond is presented and accepted as soon as a prisoner arrives at a police station. However, we cannot uphold the prisoner processing regulations involved in this case. A court ordering bail in the first instance should be cognizant of the need for identification and allow a sufficient amount of time for processing before the bond is issued. The police can still implement reasonable processing procedures which are effective before and until a bond is presented.

Finally, Moran was found guilty of violating a second manual provision which provides that an officer "shall not fail to notify his superior of information concerning police matters that comes into his possession." Rule 9, Section 9.001(m). The Board alleges that Moran failed to inform his superiors of the possibility that the police regulations dealing with prisoner processing were unlawful.

Moran claims that he sufficiently informed them by filing weekly bond reports and periodic arrest reports. We agree. The reports showed that Moran was violat-

ing administrative orders by releasing felony prisoners on bond at a district station. Moran's superiors only had to read these reports to be put on notice of a problem. Nothing was hidden from them. There was no surreptitious conduct on the part of Moran. We hold that Moran could not be guilty of withholding information where routinely filed written reports disclosed enough pertinent information to put his superiors on notice of the existing situation.

We reverse and remand this case to the circuit court with directions to reverse its decision, and in turn remand to the Board of Police Commissioners for rescission of its order that Moran be given a written reprimand.

SATZ, P. J., and REINHARD, J., concur.