**Bob ARNOLD, Plaintiff-Respondent,**

v.

**Arthur E. McLEOD, Excise Commissioner, Defendant-Appellant.**

No. 50777.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 12, 1986.

---

James J. Wilson, City Counselor, Robert H. Dierker, Jr., Associate City Counselor, William R. Werner, Asst. City Counselor, St. Louis, for defendant-appellant.

Robert J. O'Hanlon, St. Louis, for plaintiff-respondent.

CARL R. GAERTNER, Presiding Judge.

Respondent, Bob Arnold, applied to the Excise Commissioner of the City of St. Louis for a full drink liquor license for the premises located at 4681 Elmbank. The procedures governing such applications are set forth in Chapter 14 of the Revised Code of the City of St. Louis. Pursuant to § 14.28.040, respondent filed a petition with the excise commissioner evidencing the approval of the majority of property owners and tenants in the prescribed neighborhood. A protest was also filed and hearings were held pursuant to § 14.28.092. This section vests in the excise commissioner "discretionary authority to weigh and consider the presence of substantial evidence, if any, that the issuance or renewal of any license issued hereunder will be detrimental to the community or result in excessive numbers or concentration of liquor establishments within the neighborhood." Finding both that the issuance of the license would be detrimental to the community and that it would result in an excessive number or concentration of liquor establishments within the neighborhood, the commissioner denied the application. This decision was reversed upon appeal to the circuit court. We now reverse the circuit court and order the decision of the excise commissioner reinstated.

A summary of the evidence upon which the commissioner based his denial follows. At the hearing a representative of the protestors testified she had been disturbed by noise, offended and inconvenienced by bottles thrown in front of her house and by the use of lawns as a lavatory by patrons of the bar when it was operated by a previous owner. The minister of a neighborhood church testified concerning the increase in criminal activities associated with other taverns in the neighborhood. The evidence showed the proposed tavern to be within 100 feet of the school yard of Hickey Middle School and that school children, ranging from kindergarten age to sixth, seventh and eighth-graders, would walk past the tavern going to and from school. A letter from the principal of the school expressing opposition to the granting of the license was accepted for filing.[1] A report written by the commander of the

---

1. Section 14.28.060 of the ordinance requires school approval of a proposed tavern if the school *building* is within 100 feet of its location.

The Hickey Middle School building is not within that distance, although the school play yard is.

police district in which the proposed tavern is located noted objections from citizens in the area and from the St. Louis Board of Education. The evidence also showed three other liquor establishments within three blocks of the proposed tavern.

The scope of judicial review of the decision of an administrative agency is limited.

The court may not substitute its judgment on the evidence and may not set aside the board's decision unless it is not supported by competent and substantial evidence on the whole record. In addition, the evidence must be considered in a light most favorable to the board's decision, together with all reasonable inferences which support it. *Harrod v. Board of Education, City of St. Louis,* 500 S.W.2d 1, 6 (Mo.App.1973). If evidence before an administrative body would warrant either of two opposed findings, the reviewing court is bound by the administrative determination, and it is irrelevant that there is supportive evidence for the contrary finding.

*Board of Education Mt. Vernon Schools, Mt. Vernon v. Shank,* 542 S.W.2d 779, 782 (Mo. banc 1976), quoting from *Merideth v. Board of Education,* 513 S.W.2d 740, 745 (Mo.App.1974).

██ Respondent maintains that the adverse decision of the commissioner was not supported by competent and substantial evidence. Citing *State ex rel. De Weese v. Morris,* 221 S.W.2d 206, 209 (Mo.1949), he argues that hearsay evidence and conclusions based upon hearsay do not qualify as competent and substantial evidence. However, he voiced no objection at the hearing to the reception of the evidence he now labels incompetent. "Unobjected to hearsay evidence may be considered as competent and substantial evidence in an administrative proceeding." *Reed v. Labor and Industrial Relations Commission,* 664 S.W.2d 650, 653 (Mo.App.1984); *See also Mark Twain Homes v. Labor & Industrial Relations Commission,* 616 S.W.2d 145, 147 (Mo.App.1981). Further, as noted by the Supreme Court in *Mills v. Federal Soldiers Home,* 549 S.W.2d 862, 867 (Mo. banc 1977), *De Weese* is not in point in this type of situation because the appellant there had objected to the hearsay evidence when it was offered. Moreover, the only hearsay evidence received related to objections by the St. Louis Board of Education, the school principal and residents of the neighborhood who may not have signed the protest petition. Because the technical rules of evidence do not control in an administrative hearing, the reception of hearsay evidence is not improper. The reviewing court must look to the entire record and determine the sufficiency of the evidentiary support for the decision. *See Bell v. Board of Education,* 711 S.W.2d 950, 956 (Mo.App.1986). Here there was direct evidence that patrons of the tavern when it was under previous management disturbed the peace of a residential neighborhood by loud and boisterous conduct after midnight, by littering the lawns of neighboring residences with bottles and by urinating upon residential property. There was direct testimony of a neighboring property owner who called the police to report disturbances so frequently that "[she] didn't even have to use [her] name." Evidence of the proximity of the school yard and the necessity for large numbers of young children to pass by the location was not hearsay, nor was evidence of the existence of three other liquor establishments in an otherwise residential community. Thus, even if the hearsay evidence is disregarded as incompetent, our review of the record reveals that there is ample evidentiary support for the two findings of the commissioner that the issuance of the license would be detrimental to the community and that it would result in an excessive number of liquor establishments in the neighborhood. Either one of the two findings would justify his decision to deny the license.

Accordingly, the judgment of the circuit court is reversed and the cause is remanded with directions to enter judgment reinstating the decision of the excise commissioner.

SMITH and SNYDER, JJ., concur.