Milton WOODS, Appellant,

v.

Robert KRAIBERG, Respondent.

No. 52171.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 25, 1987.

James W. Whitney, Jr., Tenney, Dahman, Whitney & Burnet, St. Louis, for appellant.

James J. Wilson, City Counselor, David Richard Bohm, Asst. City Counselor, St. Louis, for respondent.

KAROHL, Judge.

Appellant, Milton Woods, formerly held a full package liquor license authorized by ordinance in the City of St. Louis for a store at 3400 Park Avenue. Woods appeals a circuit court order affirming the decision of St. Louis Excise Commissioner denying renewal of appellant's liquor license.

On February 26, 1986 Alderman Marit Clark filed a protest petition opposing the renewal of Woods' liquor license. A hearing on the petition began on March 14, 1986. Due to the recent death of Excise Commissioner McLeod no evidence was taken on that day. The acting commissioner announced that evidence would be taken at a future date to determine whether renewal of Woods' license would be a detriment to the community.

On May 16, 1986 numerous witnesses testified about the conditions surrounding Woods' place of business. The Commissioner heard evidence of public drunkenness and loitering in the immediate vicinity of Woods' store as well as testimony of the use of foul language and menacing and vulgar conduct by persons on property adjacent to or near appellant's store. Several witnesses expressed fear for themselves or for their children because of the boisterous crowd which congregates in the vicinity of Woods' store during hours when it was open. Police officers testified that the presence of the liquor store was a major contributing factor to the conditions on that corner which require a police presence. The focus of this evidence was a determination of the detriment issue.

On May 20, 1986 the Excise Commissioner issued his decision denying renewal of Woods' liquor license. The decision included findings of fact and conclusions of law. Appellant petitioned the circuit court for judicial review of the Commissioner's decision as authorized by Section 536.100 RSMO 1986. This petition contained three claims of error: (1) that the protest petition did not contain a sufficient number of signatures as established by Ordinance to cause a hearing, (2) that the Commissioner admitted hearsay evidence at the hearing,

and (3) that the Commissioner had a pre-existing prejudice against renewal of the license. The circuit court rejected these claims and determined that the Commissioner's decision was based upon competent and substantial evidence on the record as a whole. On September 5, 1986 the circuit court issued an order affirming the Commissioner's decision. This appeal followed.

Woods appeals the circuit court's decision on two grounds: (1) that the court erred in affirming the denial of appellant's liquor license renewal in that the finding was not based upon substantial and competent evidence, and (2) that appellant had no notice that the Excise commissioner's hearing would consider evidence of detriment to the community.

■ The second point is not properly preserved for appellate review. Appellant raises the issue of lack of notice for the first time in his brief on appeal. No objection was raised at the May 16, 1986 hearing to the introduction of evidence of detriment to the community, nor was lack of notice asserted as error in appellant's petition for judicial review. The general rule is that a court should not set aside administrative actions unless the agency had an opportunity through timely request by complainant to consider the point at issue. *Weinbauer v. Grey Eagle Distributors*, 661 S.W.2d 652, 656 (Mo.App.1983).

■ Even if preserved this claim is without merit. A review of the record refutes appellant's contention. An announcement was made on March 14, 1986 that the hearing would include evidence of detriment to the community. At the hearing held on May 16, 1986 appellant tried the issue without objection and had the opportunity to cross-examine witnesses and to offer his own evidence on the issue. Appellant had actual notice and the issue was tried by consent. Point denied.

■ Appellant's primary contention raises a subject matter jurisdictional question. Woods argues that the Commissioner could not consider the protest petition to deny his application for license renewal without the sufficient number of protesting signatures

pursuant to Section 14.28.140(A) of the Revised Code of St. Louis. In his findings of fact the Commissioner correctly stated that the neighborhood protest failed to provide the required number of signatures and thus was not sufficient to protest the renewal of Woods' liquor license. This conclusion, which fully supports Woods' claim on appeal, does not serve to divest the Commissioner of jurisdiction. Under Section 14.29.092(C) the Excise Commissioner is empowered to "weigh and consider the presence of substantial evidence, if any, that the issuance or *renewal of any license* issued hereunder will be detrimental to the community" (our emphasis) and on that finding deny a renewal. The provisions of Section 14.28.140(A) are to protect the right of complainants to a protest hearing. They are not a protection for an applicant because the Commissioner may deny renewal on a finding of detriment to the community, if supported by evidence, without a hearing provoked by a protest petition.

■ In his findings of fact and conclusions of law, the Commissioner concluded there was substantial evidence that the renewal of Woods' liquor license would be detrimental to the community. Because the cited ordinance section gives the Commissioner the discretion to make such a decision on either issuance or renewal of liquor licenses and regardless of any filed protests, the Commissioner's decision to deny Woods' license renewal was authorized by Section 14.28.092(C).

■ Judicial review of an administrative decision on the issue presented is limited to a determination whether the decision was (1) in excess of agency jurisdiction, Section 536.140.2(2) RSMo 1986; or (2) supported by competent and substantial evidence on the whole record; or (3) whether the decision was arbitrary, capricious, or unreasonable. Section 536.140.2(3); *Guntli v. McLeod*, 646 S.W.2d 899, 901 (Mo.App. 1983). The Commissioner was authorized to consider detriment to community and a review of the transcript of the hearing reflects substantial and competent evidence to support a finding of detriment to the community if Woods' license were renewed.

The Commissioner's decision was within his purview and was neither arbitrary, capricious, nor unreasonable.

Judgment affirmed.

PUDLOWSKI, P.J., and CRANDALL, J., concur