Stephen E. WELTY, D.C., Appellant,

v.

**STATE BOARD OF CHIROPRACTIC EXAMINERS, and Administrative Hearing Commission, Respondents.**

No. WD 39946.

Missouri Court of Appeals,
Western District.

Aug. 30, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 4, 1988.

Application to Transfer Denied
Nov. 15, 1988.

Lori J. Levine, Jefferson City, for appellant.

Dennis K. Hoffert, St. Louis, for respondents.

Before KENNEDY, C.J., and TURNAGE and BERREY, JJ.

BERREY, Judge.

Stephen E. Welty appeals from the decision of the Administrative Hearing Commission (AHC) recommending revocation of his license to practice chiropractic in the State of Missouri and the subsequent revocation of that license by the State Board of Chiropractic Examiners (Board). Appellant contends: (1) that the decision of the AHC and the order of the Board were unsupported by competent and substantial evidence and were arbitrary and capricious because of the results of a polygraph examination which fatally tainted the entire proceeding; (2) that the decision of the AHC and order of the Board were unsupported by competent and substantial evidence upon the whole record even had the polygraph evidence not tainted the proceedings; and (3) that the decision of the AHC and order of the Board were arbitrary, capricious, unreasonable and constituted an abuse of discretion because of the denial of appellant's request for a continuance. Affirmed.

On December 31, 1986, a complaint was filed by the State Board of Chiropractic Examiners against appellant. The Board alleged that Dr. Welty had violated § 331.060.2(5), (6), (13), (18), RSMo 1986. Specifically the complaint alleged that Dr. Welty forced Theresa Schroeder, an employee and patient of his, to engage in sexual intercourse with him in his office. In addition, the Board moved for an expedited hearing on the matter. On February 19, 1987, the Board moved for a continuance of the hearing, originally set for March 6, 1987, due to the unavailability of a witness. On this same date, the Board also filed a request for admissions. The

continuance was granted and the hearing was set for March 16, 1987.

On March 12, 1987, the Board received a letter from appellant dated March 9, 1987. In it he requested a continuance because of, "a prior personal committment [sic]." The letter further states that, "[i]f necessary I will need and [sic] extended amount of time to seek legal assistance." Appellant's request was denied and the hearing before the AHC was held on March 16, 1987. Appellant did not show up at the hearing and he was not represented by counsel, nor did he respond to the request for admissions.

At the hearing, Theresa Schroeder testified that she went to Dr. Welty's office on April 23, 1986, after receiving a phone call from him in which he told her she could start new treatments for her migraines. She arrived that evening around 6:45 p.m. After Dr. Welty had completed treatment on another patient, he took her to the examination room. There he forced her to engage in sexual relations.

Norman Howell, pastor of the Mount Olive Baptist Church, also testified at the proceeding. He testified that on the Sunday after the incident he and Gus, Theresa's husband, went to Dr. Welty's office. He was present at and participated in a conversation where Dr. Welty asked Gus Schroeder for forgiveness and tried to offer him money in compensation. He also testified that on October 17, 1986, Dr. Welty called him and asked him if he would be willing to talk to the Schroeders about dropping the charges. When Dr. Welty called Pastor Howell back, Dr. Welty told him that if they didn't drop the complaint he would try to take Theresa's nursing license away.

A deposition taken by the Board of Sergeant Dale W. Crites of the Missouri State Highway Patrol was received into evidence. The deposition concerned the results of a polygraph test administered by Sergeant Crites to the appellant. Also admitted into evidence was the Board's request for admissions.

On April 7, 1987, the AHC issued its statement of the case, findings of fact, conclusions of law and decision. The AHC found that, "cause exists under Section 331.060.2(5), (6), (13) and (18), RSMo, for Petitioner to censure or place Respondent on probation, or to suspend or revoke the license issued to Respondent by Petitioner."

On May 2, 1987, the Board conducted a hearing wherein they reviewed the record of the AHC and heard additional evidence. Dr. Welty testified that Theresa and he had been personally involved before the evening of April 23, 1986, and that she fully cooperated in that involvement. He also testified that he couldn't attend the prior hearing because of a painful medical condition.

On May 14, 1987, the Board ordered the license of Dr. Welty to practice as a Doctor of Chiropractic in the State of Missouri be revoked as of May 18, 1987.

On June 1, 1987, appellant filed a petition for judicial review in the circuit court of Cole County. On September 15, 1987, the circuit court affirmed the decision of the AHC.

■ Appellant first contends that the admission into evidence of the results of a polygraph examination administered to appellant so fatally tainted the proceedings of the AHC as to render them invalid. Appellant's contention must fail. The results of a polygraph examination are not admissible in criminal proceedings under Missouri law. *See State v. Pollock,* 735 S.W.2d 179, 182 (Mo.App.1987); *State v. O'Neal,* 651 S.W. 2d 634, 636 (Mo.App.1983). Nonetheless, its use here though highly questionable and viewed with grave displeasure, did not invalidate the decision of the AHC. Other evidence remained to support it.

■ Review by the Court of Appeals is of an agency's or board's decision not of a judgment of the circuit court. *Knapp v. Missouri Local Gov't Employees Retirement System,* 738 S.W.2d 903 (Mo.App. 1987). Review is limited to a determination of whether the decision was in excess of agency jurisdiction, supported by competent and substantial evidence on the whole record, or whether the decision rendered

was arbitrary, capricious or unreasonable. *Woods v. Kraiberg,* 735 S.W.2d 202 (Mo. App.1987). A review of a decision of the AHC, as in a review of other administrative decisions, is considered in the light most favorable to the agency decision in question, along with all reasonable inferences that support it. *Shell Oil Company v. Director of Revenue,* 732 S.W.2d 178, 180 (Mo. banc 1987).

■ Appellant's contention, that the entire proceeding was tainted by the polygraph evidence, is not supported by the record. There is nothing to show how much weight, if any, this evidence was given in the decision-making process of the AHC. Inadmissible evidence, admitted without objection, may be considered but the probative force of such evidence is a matter to be determined by the administrative tribunal. *Veal v. Leimkuehler,* 249 S.W.2d 491 (Mo.App.1952). Hearsay evidence, for example, when not objected to, may be considered for whatever it is worth. *Mills v. Federal Soldiers Home,* 549 S.W. 2d 862, 867 (Mo. banc 1977). This court may not determine the weight of the evidence, nor may it substitute its discretion for that of the administrative body. *Moran v. Whaley,* 608 S.W.2d 446 (Mo.App. 1980). Appellant's Point I is denied.

Appellant next argues that even had the polygraph evidence not fatally tainted the proceeding, the decision of the AHC and order of the Board were not based upon substantial and competent evidence and that the hearing was conducted in an arbitrary and capricious fashion. Specifically, appellant alleges that: (1) the testimony of Norman Howell was "unsubstantial"; (2) that the testimony of Theresa Schroeder was improper and speculative and included the improper use of leading questions; (3) that the Administrative Hearing Commissioner prejudged the case; and (4) that the admission of the Board's request for admissions was improper.

[6] Appellant contends that the testimony of Pastor Howell and Theresa Schroeder was neither substantial nor competent. What appellant is really doing is questioning the credibility of the witnesses. The

question of credibility is one to be left to the trier of fact, in this case, the Administrative Hearing Commissioner. "The assessment of credibility of witnesses is a matter for the board [trier of fact] hearing the testimony, and on review an appellate court must defer to its findings in that regard." *Ross v. Robb,* 662 S.W.2d 257, 260 (Mo. banc 1983). The reason for this precept is that the tribunal is in the best position to judge the demeanor and conduct of the witnesses who appear before it. *Citizens For Rural Preservation, Inc. v. Robinett,* 648 S.W.2d 117, 127 (Mo.App. 1982). Even though the testimony of the witnesses was uncontradicted, the Commissioner was free to disbelieve it if he so chose. *See Baum v. Glen Park Properties,* 692 S.W.2d 831, 833 (Mo.App.1985) (trier of fact may believe all, part or none of the testimony of any witness). Thus, this court cannot reject the testimony as being unsubstantial and incompetent on the basis of lack of credibility as appellant asks the court to do.

■ Appellant also questions the admission of the unanswered request for admissions submitted by the Board. Appellant claims a Fifth Amendment privilege and his belief that he had complied with this discovery request. The Fifth Amendment argument is not properly before this court as the constitutional claim was not raised in a timely fashion so as to preserve it for appeal. None of the requirements is met and the casual and careless designation of this issue as one involving the Fifth Amendment privilege will not even begin to raise it to a level for review. *See Collier v. Metropolitan St. Louis Sewer District,* 706 S.W.2d 894 (Mo.App.1986) (listing requirements for raising constitutional challenges to administrative decisions).

■ Appellant claims that he believed that he had properly responded to the request for admissions. In the letter of March 9, 1987, appellant wrote, "Regarding the questionaire [sic] sent to me, I believe I have already answered most of those questions. If you still need that, let me know." This letter was not introduced into evidence at the hearing. The requests for admis-

sions were deemed admitted. The statement in appellant's letter in no way excuses him from compliance with the rules. The requests were in conformity with Rule 59.01 and otherwise proper. Counsel for the Board is under no duty to represent appellant, nor is the lack of guidance by an attorney an excuse. Parties who do not retain counsel are bound by the same rules and procedures as those admitted to the practice of law. They are "entitled to no indulgence they wouldn't have received if represented by counsel." *Boyer v. Fisk,* 623 S.W.2d 28, 30 (Mo.App.1981).

■ As the admissions were proper, so too was their use at the hearing. Rule 61.01(c) states:

(c) **Failure to Answer Request for Admissions.** If a party, after being served with a request to admit the genuineness of any relevant documents or the truth of any relevant and material matters of fact fails to file answers or objections thereto, as required by Rule 59.01, the genuineness of any relevant documents or the truth of any relevant and material matters of fact contained in the request for admissions shall be taken as admitted. . . .

*See also Research Hospital v. Williams,* 651 S.W.2d 667, 669 (Mo.App.1983).

■ Appellant also attempts to paint a portrait of the Administrative Hearing Commissioner as a biased decision maker who had prejudged the evidence and who was incapable of conducting a fair trail. Appellant grounds this assertion on the denial of his request for continuance and a statement made by the Commissioner before the introduction of any evidence at the trial. The Commissioner stated:

The only thing I will leave open is whether I'm going to give the doctor an opportunity to file a brief after the evidence is closed telling me what the evidence means. And that will be really a question of whether the evidence is capable of any other meaning than the one that I think it's going to show.

The failure of the Commissioner to grant a continuance to Dr. Welty was not error and will be discussed later in this opinion.

The statement used by appellant as proof of the Commissioner's bias is merely a comment on the fact that the only evidence before him was evidence presented by the Board. This statement does not show that the Commissioner had prejudged the case, nor that his mind was closed. It requires a substantial showing of bias to disqualify the officer holding the hearing in an administrative proceeding. *See U.S. ex rel. De-Luca v. O'Rourke,* 213 F.2d 759, 763 (8th Cir.1954). Appellant's Point II is denied.

Appellant's final point alleges error in the denial of his request for a continuance as arbitrary, capricious and unreasonable, constituting an abuse of discretion. The record does not bear out this contention. The date originally set for the hearing was March 6, 1987, but the Board was granted a continuance to March 16, 1987. In his letter dated March 9, 1987, appellant asked for a continuance. This request was denied. Appellant claims that he was prejudiced by this denial.

■ A trial court is vested with broad discretion in granting or denying a continuance. *Mo–Kan Airport Passenger Service, Inc. v. City of Kansas City,* 689 S.W. 2d 641, 644 (Mo.App.1985). Its action will not be set aside unless arbitrary or capricious, an abuse of discretion. *Id.* The denial here does not rise to that level.

■ Appellant, at the time of his request, had known of the pending hearing for some months. He also knew about his right to an attorney. The complaint was filed on December 31, 1986. The notice of a hearing, detailing the right to have an attorney present, was mailed out shortly thereafter. The date of proceedings afforded no surprise to appellant. Even the ten day continuance granted the Board gave him that much extra time to seek the advice of counsel. The right to counsel does not include the right to bring proceedings to a standstill because of failure to seek out counsel. *Chapman v. St. Louis County Bank,* 649 S.W.2d 920, 924 (Mo. App.1983). Thus, no abuse of discretion was involved in the denial of a continuance

to appellant. Appellant's Point III is denied.

AFFIRMED.

All concur.