**Jean FRENCH, Appellant,**

v.

**Kenneth FRENCH, Respondent.**

**No. 56481.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Jan. 9, 1990.

Robert C. Babione, St. Louis, for appellant.

Kenneth French, Lake St. Louis, pro se.

DOWD, Presiding Judge.

Jean French appeals from a circuit court decision reversing an administrative order for payment of delinquent child support and maintenance. We reverse the circuit court order and reinstate the administrative decision.

Appellant and respondent were divorced in 1971 and respondent was ordered to pay monthly child support of $175.00 and maintenance of $450.00. In 1982, appellant filed a petition to recover delinquent child support and maintenance. No action was taken on the matter until 1988, when the Divi-

sion of Child Support Enforcement entered an order for respondent to pay $77,830.00 in arrearages. Respondent requested a hearing on the matter pursuant to section 454.476.4, RSMo 1986.

At the hearing, Mr. Thibault, of the Division of Child Support Enforcement, produced a computer printout of payments taken from the records of the circuit clerk of St. Louis County. Respondent's attorney objected on the grounds that no foundation had been laid for these records, but the hearing officer overruled him after Mr. Thibault indicated he could get a certified copy of these records. In fact, no certified copy was ever filed. Mr. Thibault also submitted worksheets used to calculate the arrearages. The Division then called appellant and attempted to get her to state under oath that the figures presented in the worksheets were correct. Although appellant was reluctant to make a definitive statement, she eventually stated that the figures were accurate to the best of her knowledge.[1]

After examining respondent and the parties' son, respondent's attorney and Mr. Thibault recomputed the arrearages based on evidence of support and maintenance already paid and on the time son did not live with appellant. The hearing officer entered an order on this computation, stating that respondent owed arrearages of $2,304.50 for child support and $20,525.00 for maintenance.

Respondent appealed to the circuit court, claiming that the order was not supported by competent and substantial evidence. The circuit court found for respondent based on the requirements of section 454.-476, concerning administrative orders for child support and maintenance. The statute states:

    1. If a court order has previously been entered, the director may enter an administrative order in accordance with the court order, upon receiving from the obligee, a child support enforcement agency of another state, or the court:

    (1) A certified copy of the court order together with all modifications thereto;

    (2) A sworn statement by the obligee or a certified statement from the court attesting to or certifying the amount of arrearages under the court order;

    (3) A statement of the name, last known address and, if known, the social security number of the obligor; and

    (4) the name and address of the obligor's employer or other payor, if known.

    ·     ·     ·     ·     ·

    4. The obligor, within fourteen days after receiving notice of the director's order, may request an administrative hearing as provided in section 454.475 to contest the order or withholding thereunder. At such hearing, the certified copy of the court order and the sworn or certified statement of arrearages shall constitute prima facie evidence that the director's order is valid and enforceable. Once the prima facie case is established, the obligor may assert only mistake of fact as a defense. Mistake of fact shall mean an error in the amount of arrearages or an error as to the identity of the obligor. The obligor shall have the burden of proof as to these issues. The obligor may not obtain relief from the withholding by paying the overdue support.

The circuit court found that appellant refused to vouch for the accuracy of the worksheets and held that because there was no sworn statement of the obligee or certified statement of the court as to the amount of arrearages, the order was unsupported by competent and substantial evidence. Appellant now challenges this decision, claiming the administrative decision was supported by competent and substantial evidence.

---

1. At the time of the hearing, respondent had a circuit court action pending against appellant for modification of maintenance based on the claim that appellant was living with a man and therefore not entitled to support. Under the mistaken belief that this issue had to be resolved at the hearing, respondent's attorney attempted to examine appellant on her living arrangements. Appellant became agitated at this point, stating that she had been told these issues would not be discussed and stating that she did not want to answer questions until she could bring an attorney with her. The hearing officer refused to allow this line of questioning.

Upon review of an administrative decision, this court examines the decision of the agency, not the circuit court, to determine if it is in excess of jurisdiction, unsupported by competent and substantial evidence, or is arbitrary, capricious or unreasonable. *Welty v. State Board of Chiropractic Examiners*, 759 S.W.2d 295, 297 (Mo.App. 1988).

■ We first note that, although she was reluctant to give a definite answer, wife did eventually state under oath that the documents presented to the court were an accurate representation of the arrearages due. This constitutes a sworn statement and thus meets the requirements of section 454.476.

■ Even without this evidence however, there was sufficient evidence to support the administrative decision. Section 454.476.4 states that a "hearing as provided in section 454.475" shall be had. That section provides for a full and fair hearing with no specific requirements for evidence. The evidentiary requirements of section 454.476.4 are not necessary to a "full and fair hearing," they are merely the requirements to make the type of prima facie case which can only be rebutted in the limited manner described in the statute. Failure to provide the specific evidence called for in section 454.476.4 does not mean that it is impossible to prove support due, it merely means that the more favorable presumptions and burdens of the subsection will not apply.

In the case at bar, the hearing officer had uncertified records which were, without reasonable doubt, accurate representations of the circuit court's records. Respondent and his attorney assisted in computing the amended arrearages based on these records and expressed no disagreement with the records during the computation process. There is no indication, either at the administrative or circuit court level, that there was any error in the records or the amended figure which was derived from them. Even without a sworn or certified statement, there was sufficient competent and uncontradicted evidence from which the hearing officer could have made her findings and conclusions.

The decision of the circuit court is reversed and the decision of the Division of Child Support Enforcement is reinstated.

SIMON, C.J. and SIMEONE, Senior Judge, concur.