**Sam SALAMEH, d/b/a Salameh's Market, Plaintiff–Respondent,**

v.

**Robert W. KRAIBERG, Excise Commissioner, City of St. Louis, Defendant–Appellant.**

No. 57659.

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 28, 1990.

David Richard Bohm, St. Louis, for defendant-appellant.

Edward J. Deghroony, St. Louis, for plaintiff-respondent.

SATZ, Presiding Judge.

This is an appeal from a decision of the trial court reversing an order of the Excise Commissioner of the City of St. Louis (Commissioner). Applicant, Mr. Sam Salameh, applied for a 5% package liquor license for his grocery store at 3901 Shaw. After a hearing, the Commissioner found that the issuance of the license would be detrimental to the community and denied Mr. Salameh's application. The trial court reversed the Commissioner's decision and ordered the Commissioner to issue the license to Mr. Salameh. We reverse the decision of the trial court, remand this cause to that court and order the court to reinstate the decision of the Commissioner.

We review the Commissioner's decision, not the judgment of the trial court. *Knapp v. Mo. Local Government Employees Retirement System,* 738 S.W.2d 903, 912 (Mo.App.1987). In this appeal, the sole issue is whether there was substantial, competent evidence to support the Commissioner's decision, or, stated otherwise, whether his decision was arbitrary or unreasonable. *Woods v. Kraiberg,* 735 S.W.2d 202, 204 (Mo.App.1987). We consider the evidence and inferences in the light most favorable to the Commissioner's decision and disregard all contrary evidence and contrary inferences. *Arnold v. McLeod,* 720 S.W.2d 385, 387 (Mo.App. 1986).

So viewed, the record shows that in March, 1987, Mr. Salameh applied for a 5% package liquor license for the grocery store he owns and operates at 3901 Shaw. He had previously been denied a full package license for this location. Prior to acquiring the store at 3901 Shaw, Mr. Salameh operated a grocery store on leased premises at 1801 S. 39th Street. For the latter store, he possessed a full liquor license, but sold only beer. The two stores are 50–75 feet apart. The record, however, does not show the exact directional relationship of these two stores.

At the hearing before the Commissioner, a number of witnesses testified about conditions which had existed at the store Mr. Salameh had previously operated at 1801 S. 39th Street. Specifically, the testimony concerned public drinking, loitering, public urination, and littering. There was also testimony that similar conditions existed at a liquor store at 39th Street and Lafayette, which was one to two blocks from Mr. Salameh's present store at 3901 Shaw.

This testimony underpins two of the Commissioner's Findings of Fact: Nos. 7 and 8. In Finding of Fact No. 7, the Commissioner found detrimental conditions existed at the liquor store on 39th Street and Lafayette, one to two blocks from Mr. Salameh's present store at 3901 Shaw. *See Appendix.* The Commissioner found that, "as a result of the sale of liquor at those premises, there exists public drinking, loitering, public urination, and littering in close proximity thereto." *Id.* In Finding of Fact No. 8, the Commissioner found similar conditions resulted from the sale of beer at the grocery store Mr. Salameh previously owned, at 1801 S. 39th Street. *Id.* Based on these findings, the Commissioner inferred and found that it was "more likely than not" that similar conditions would result from the sale of liquor at Mr. Salameh's present store at 3901 Shaw. *Id., Finding of Fact No. 9.*

If Findings of Fact Nos. 7 and 8 are properly supported by the evidence and the inference of Finding of Fact No. 9 is reasonable, then, these Findings of Fact support the Commissioner's denial of Mr. Salameh's application, and we need not concern ourselves with the rest of the Commissioner's Findings of Fact. Therefore, we address Mr. Salameh's challenges to Findings of Fact Nos. 7, 8 and 9.

### FINDING OF FACT NO. 7

As noted, the Commissioner found there was "public drinking, loitering, public urination, and littering in close proximity" to the liquor store at 39th Street and Lafayette, as a result of liquor being sold in that store. This store is one to two blocks away from Mr. Salameh's present store. Mr. Salameh does not challenge this finding.

### FINDING OF FACT NO. 8

The Commissioner found that conditions detrimental to the community resulted from the sale of liquor at the store previously owned by Mr. Salameh, at 1801 S. 39th Street. Specifically, there existed public drinking, loitering, public urination, and littering. *See Appendix.*

Evidence for this finding consisted of several witnesses' testimony. For example, Alderman John Koch testified that he had personally witnessed individuals who, after purchasing a product from the store, drank it outside the store and disposed of containers in the gutters, on the sidewalks and on surrounding lawns. Ms. Pamela Fournier testified that individuals would "hang out", drink on the street, and "relieve themselves" around the store. Sever-

al other witnesses testified to the same or similar facts.

The Commissioner also found that these conditions ceased when liquor ceased to be sold at that store. *See Appendix.* The testimony of several witnesses supported this finding. For example, Mr. Neil McNeil testified that when liquor was sold, he collected a full paper sack of beer bottles every week, and after Mr. Salameh moved, he collected only gum wrappers. Ms. Pamela Fournier and Alderman Koch testified to similar facts. It is not unreasonable to infer that the other conditions also ceased when liquor was no longer sold.

Mr. Salameh challenges Finding No. 8 because "a review of the record does not suggest any reason for the Excise Commissioner to judge the proponents as apparently lacking credibility." This argument is misdirected and, thus, misses the mark.

■ Arguably, the Commissioner may not "arbitrarily" disregard or ignore undisputed or unimpeached witness testimony without a specific finding that the testimony is not entitled to credibility. *See, Fujita v. Jeffries,* 714 S.W.2d 202, 208 (Mo.App. 1986). This principle, however, is not applicable here. Where there is a direct conflict of testimony, there must be a choice made between the conflicting testimony. *Id.* Here, the proponents of Mr. Salameh's license testified in direct conflict with the opponents about the conditions which existed at Mr. Salameh's grocery at 1801 S. 39th Street.

■ The assessment of credibility of witnesses is a matter for the Commissioner, and we defer to his determinations of credibility. *Ross v. Robb,* 662 S.W.2d 257, 260 (Mo. banc 1983). Therefore, we cannot reject the testimony relied on by the Commissioner as not being credible. *Welty v. Bd. of Chiropractic Examiners,* 759 S.W.2d 295, 298 (Mo.App.1988).

Mr. Salameh also contends the evidence presented "supports a finding that any problems which existed in the area of Mr. Salameh's old location would have been occasioned by the sale of hard liquor as well as beer and wine at the [liquor store on 39th and Lafayette]". This argument is also misdirected and, thus, also misses the mark.

■ If the evidence before the Commissioner warrants either of two opposite findings, we are still bound by the Commissioner's finding. *See, e.g., Bd. of Educ., Mt. Vernon Schools v. Shank,* 542 S.W.2d 779, 782 (Mo. banc 1976). It is irrelevant that there is supportive evidence for the contrary finding. *Id.*

### FINDING OF FACT NO. 9

■ Based on the above Findings of Fact, the Commissioner found that it "was more likely than not" that similar detrimental conditions would result from the sale of liquor at 3901 Shaw. *See Appendix.* This is a reasonable inference.

The Commissioner found that detrimental conditions resulted from Mr. Salameh's sale of liquor at his previously owned store, 50 to 75 feet away from his present store. When the sale of liquor ceased at the former store, the Commissioner found, the detrimental conditions ceased. These findings support the reasonable inference that the same detrimental conditions would result from the sale of beer under a 5% package liquor license at Mr. Salameh's present store, at 3901 Shaw. The existence of the same detrimental conditions resulting from the sale of liquor one to two blocks away strengthens this inference, because it shows, if an additional showing be needed, that the detrimental conditions do result from the sale of liquor and not from other causes.

Substantial evidence has been defined to mean "competent" evidence which if believed would be probative to the issues raised. *Midstate Oil Co., Inc. v. MO. Comm'n on Human Rights,* 679 S.W.2d 842, 846 (Mo. banc 1984). It is that evidence which a reasonable mind would accept as adequate to support a conclusion. *Id.* The evidence in support of the Commissioner's Findings was substantial and competent and, therefore, his decision to deny Mr. Salameh's application was not arbitrary or unreasonable.

Mr. Salameh also contends his right to procedural due process was violated at the hearing before the Commissioner. The hearing began at 6:30 p.m. and, apparently, ended at 11:40 p.m.

Mr. Salameh contends that it was "unfair" to permit the opponents to his application to present their case first. He argues that his witnesses were forced to wait and, because of the wait, he contends, a number of them left. He suggested to the Commissioner, he contends, that each witness should be called in the order the witness signed a "sign-in sheet," regardless of the party calling the witness. Moreover, he contends, the opponents were given three hours and forty minutes to present their case, from 6:30 to 10:10 p.m., and a number of his witnesses had already left by 10:10 p.m. This argument is not persuasive.

▮▮▮ Mr. Salameh was required to make his constitutional challenge at his first opportunity. He did not make this challenge in his petition for review in the trial court. *Jackson v. Sayad,* 741 S.W.2d 847, 850 (Mo.App.1987). Moreover, the order of proof set by the Commissioner was well within his discretion. Procedural due process, as well as common sense, permitted him to require the opponents to present their case first. This permitted Mr. Salameh to know the precise complaints against him, which, in turn, narrowed the focus of the case in his favor. Furthermore, there is nothing in the record before us showing why any of Mr. Salameh's witnesses left. Finally, as pointed out on appeal by the Commissioner, most of the time used in the opponents' case was used by Mr. Salameh's counsel cross-examining the opponents to his application.

The Commissioner's decision is presumed to be valid. *Mueller v. Ruddy,* 617 S.W.2d 466, 475 (Mo.App.1981). Mr. Salameh has not overcome this presumption.

The judgment of the trial court is reversed, and the cause remanded. The trial court shall reinstate the decision of the Commissioner.

SMITH and GRIMM, JJ., concur.

APPENDIX

FINDINGS OF FACT

.　　.　　.　　.　　.

7) A full package license exists for premises located at 39th and Lafayette Streets, which is in close proximity (within two blocks) to the premises for which applicant seeks a license. I find as a fact that the license for the premises at 39th and Lafayette is a source of adverse social conditions. In particular, I find that, as a result of the sale of liquor at those premises, there exists public drinking, loitering, public urination, and littering in close proximity thereto.

8) Applicant previously held a full package liquor license for premises at 1801 S. 39th, which is in close proximity to the premises for which he now seeks a 5% package license. I find the more credible evidence to be, and I find as a matter of fact that conditions detrimental to the community existed at the premises for which applicant previously held a liquor license. In particular, I find that, as a result of the sale of liquor at those premises, there existed public drinking, loitering, public urination, and littering in the immediate vicinity thereof. I further find that these conditions did not continue to exist after the applicant stopped selling liquor at the premises located at 1801 Shaw.

9) Based on the findings in paragraphs 7 and 8 above, I find that it is more likely than not that detrimental conditions similar to those that existed as a result of the sale of liquor by the applicant at the premises located at 1801 S. 39th, and which continue to exist as a result of the sale of liquor at the premises at 39th and Lafayette, will result from the sale of liquor at the premises located at 3901 Shaw.

.　　.　　.　　.　　.

.　　.　　.　　.　　.

CONCLUSION OF LAW

The issuance of a 5% package liquor license for the premises located at 3901 Shaw would be detrimental to the commu-

nity. This conclusion is based jointly and severally on each of the findings of fact stated above.

### ORDER

It is the Order of this Commissioner that the issuance of a 5% package liquor license to the premises located at 3901 Shaw is hereby denied.