**Frank Joseph LEWIS, Appellant,**

v.

**Linda Rae ROSKIN, et al., Respondents.**

No. 60201.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 4, 1992.

Phillip K. Gebhardt, St. Louis, for appellant.

Elizabeth Harris Christmas, St. Louis, for respondents.

CRIST, Judge.

Father appeals from the dismissal with prejudice of his first amended petition and first amended motion to modify. We affirm.

Father and Mother were divorced on September 30, 1976, in Harris County, Texas. The divorce decree states:

It is therefore ordered that Frank Joseph Lewis pay child support in the amount as follows:

Commencing in October, 1976, and continuing until the youngest child of the parties attains eighteen (18) years of age, a sum in the amount of Three Hundred Fifty and No/100 Dollars ($350.00) per month.

At the time of the divorce, Father and Mother had two children: Kristin born on April 13, 1971 and Eric born on June 6, 1973. The youngest child of the parties attained the age of eighteen years of age on June 6, 1991.

On February 11, 1988, pursuant to § 454.476, RSMo 1986, the Division of Child Support Enforcement (DCSE) entered an Administrative Order on an Existing Order based on the Harris County, Texas decree. Father was ordered to pay the sum of $350 per month for the support of Eric. (No monies were ordered to be paid for the support of Kristin, although she was less than eighteen years old when the order was entered.) Further, Father was ordered to pay the sum of $175 per month on a child support arrearage of $8,200. Father duly requested an administrative hearing under § 454.476.4, RSMo, to contest the Administrative Order. After due notice to the interested parties, an administrative hearing was set for May 10, 1988. On that date, Father withdrew his request for an administrative hearing. On May 20, 1988, the original Administrative Order was amended to include statutory interest under Texas law for the period from 1985 through January 31, 1988. Father did not in any way contest the Amended Administrative Order of May 20, 1988.

Thereafter DCSE caused the May 20, 1988 Amended Administrative Order on an Existing Order to be docketed with the Circuit Court of St. Louis County, Missouri, under § 454.490, RSMo 1986.

In Father's First Amended Petition and First Amended Motion to Modify, he sought to register the Texas decree of divorce. He also sought declaratory judgments to declare the docketed Order was in fact a judgment of the circuit court and to declare he had a right to modification of the Order. He asked for credit for support of Kristin who allegedly left the custody of her mother at age thirteen, and he asked for sums expended by himself for the support of Kristin. He further stated the administrative hearing process violated his constitutional rights. The Circuit Court dismissed the motion and the petition for failure to exhaust administrative remedies.

Father asserts the trial court erred in dismissing his claims in that the claims are not subject to the exhaustion of administrative remedies doctrine, because the administrative remedy provided for in the

Missouri Division of Child Support Enforcement does not afford Father a plain, adequate and complete remedy for redress of his grievances. It is well settled that administrative procedures must be exhausted before other relief may be granted. *Greater Kansas, etc. v. Div. of Emp. Sec., etc.*, 583 S.W.2d 247, 249[1] (Mo.App.1979). However, Father asserts his claims do not concern a "mistake of fact" under § 454.-476.4, RSMo 1986, making resort to the administrative remedies inadequate.

■ Section 454.476.4 states the obligor may request a "hearing as provided in section 454.475." Section 454.475 provides for a full and fair hearing with no specific requirements for evidence. It is only if the certified copy of the court order and the sworn or certified statement of arrearages are presented at the hearing, creating a prima facia case, would Father be limited to the specific "mistake of fact" defenses. *French v. French*, 782 S.W.2d 449, 451[2] (Mo.App.1990); § 454.476.4, RSMo 1986. Father requested a hearing, but on the date of the hearing he withdrew his request. Without the hearing, this court has no way of determining whether Father would have been limited in his defenses or if the limitation would have made the remedy inadequate.

Father alleges *Dye v. Division of Child Support Enforcement*, 811 S.W.2d 355 (Mo.banc 1991) permits him to circumvent the Administrative Order by going directly to circuit court. But not so. The point in *Dye* was whether the failure to raise constitutional issues at the administrative hearing prevented the court from hearing the issues on appeal. The father had followed administrative procedures. Therefore the question was not whether the entire process could be bypassed. Point denied.

Father also claims the law of the case doctrine bound the trial court because an earlier motion to dismiss for failure to exhaust administrative remedies had been denied. The doctrine does not apply in this situation. The law of the case doctrine is not an absolute doctrine. If there is a substantial difference in the evidence upon the second trial, the rule may not apply. *In re Marriage of Quintard*, 735 S.W.2d 388, 390[1–4] (Mo.App.1987); and *see Reinhold v. Fee–Fee Trunk Sewer, Inc.*, 664 S.W.2d 599, 602[1, 2] (Mo.App.1984). The first motion to dismiss was made by Mother in her case prior to consolidation. The second motion was made by DCSE. The reasons given in the two motions were different. Point denied.

Section 454.501 provides that nothing in §§ 454.465 to 454.510 shall deprive courts of competent jurisdiction from determining the support duty of a parent against whom an order is entered by the director, but such order shall not affect any support arrearage which may have accrued under the director's order. Father's failure to follow administrative procedure for review was fatal. The pleadings for declaratory judgment and retroactive "credit" or "setoff" would have properly been before the circuit court under a Petition for Judicial Review of an Administrative Order under §§ 454.475.5, 536.100 to 536.140, RSMo 1986. The point is not whether all of Father's grievances could have been addressed at the initial administrative hearing, but rather, had father pursued the process, the grievances would all have been heard in an orderly fashion.

Judgment affirmed.

PUDLOWSKI, P.J., and STEPHAN, J., concur.