**Ethel K. BRITZ, Appellant,**

v.

**Duffey REYNOLDS, Respondent.**

**No. WD 49248.**

Missouri Court of Appeals, Western District.

March 28, 1995.

Don L. Cowan, Kansas City, for appellant.

Scott R. Gum, Kansas City, for respondent.

Before SPINDEN, P.J., and ULRICH and SMART, JJ.

PER CURIAM:

This case involves a petition to satisfy a judgment filed by a father of three children in an attempt to show that he had completely satisfied his child support obligation. Ethel Britz appeals from the trial court's order

finding that Duffey Reynolds had satisfied his child support obligation in full.

Judgment is vacated.

Duffey Reynolds ("Father") and Ethel Britz ("Mother") were married on May 28, 1965 and their marriage was dissolved on February 28, 1980. Three children were born during the marriage: Cassandra, born September 21, 1965; Justine, born March 13, 1968; and William, born October 2, 1971. Father was ordered to pay $400.00 per month in child support. Father fell behind in making the monthly child support payments and on October 22, 1982, in an URESA action, the District Court of Franklin County, Kansas ordered Father to pay $200.00 per month current child support and $50.00 per month toward the arrearage. Under the order, the child support obligation was to abate ratably upon each child reaching the age of eighteen years.

Father made the payments under the Kansas order until 1989, at which time he could no longer afford to make the child support payments. The Division of Child Support Enforcement ("the Agency") determined that as of April 15, 1993, Father had accrued a child support obligation in the amount of $48,800.00. The Agency found that Father had paid child support payments in the amount of $27,800.00. The Agency ordered that Father pay the arrearage, $21,000.00, in the amount of $600.00 per month. Father requested an administrative hearing in order to challenge the arrearage calculation. The hearing was scheduled for August 9, 1993.

At the hearing, Father argued that he was only obliged to pay $250.00 per month under the Kansas order and that as each child was emancipated, the amount was to be reduced by one-third. It was Father's position that the Agency over-calculated the arrearage by not using the obligation created under the Kansas order. Father explained that when he appeared in the Kansas court proceeding, he understood that the Kansas order was an amendment of the original support order and that he was no longer obligated to pay $400.00 per month, but was obligated to pay only $250.00 per month. The Agency explained that no consideration was given to the Kansas order over the Missouri order in calculating the arrearage. Father was credited for all payments made under the Kansas order. The Agency found that since the Missouri order was a lump sum order, Father should have been responsible for the full amount of $400.00 per month until the last child was emancipated on March 31, 1990. On October 14, 1993, the Agency issued its determination that Father had a child support arrearage of $21,000.00.

Father did not file a petition for judicial review of the Agency's decision pursuant to § 536.100, RSMo1994. However, on August 30, 1993, before the Agency entered its decision, Father filed a "petition to satisfy judgment" in the circuit court. The administrative decision was filed with the circuit court on November 8, 1993. On February 7, 1994, Mother requested that the petition be dismissed on the basis that the matter had already been adjudicated administratively and Father had failed to file a petition for review. The court denied Mother's motion.

On March 3, 1994, the circuit court found that Father had satisfied his child support obligation. The trial court concluded that the journal entry of judgment showing that Father was to pay $400.00 per month was erroneous. The court based its determination on the minute entry entered by the dissolution court on February 28, 1980. The judge's entry on the docket sheet indicated that $134.00 per month was to be applied as support for Cassandra, $133.00 as support for William, and $133.00 as support for Justine. The entry also indicated that the support obligation was to abate upon each child becoming emancipated. The trial court found that Cassandra was emancipated on May 21, 1983; Justine was emancipated on June 1, 1984; and William was emancipated on October 2, 1989. The trial court concluded that Father's entire child support obligation totalled $27,704.00 and that Father had paid Mother $27,800.00, thereby satisfying the judgment in full. The court ruled that the judgment had been satisfied. The court did not address the administrative decision as to the child support due. Mother appeals.

Mother asserts that the trial court erred in overruling her motion to dismiss because Father failed to exhaust his administrative remedies by failing to file a petition for judicial review. Therefore, Mother argues that Father's cause of action should have been barred because of his failure to proceed under the administrative statutory scheme. Moreover, she contends his petition to satisfy judgment was barred by res judicata since the administrative decision became a final judgment upon the filing of the decision with the circuit court. Section 454.490. We believe Mother's point is well taken as a matter of law.

■ It is a well settled principle of law that administrative procedures must be exhausted before other relief may be granted. *Lewis v. Roskin,* 823 S.W.2d 152, 154 (Mo. App.1992). In *Lewis,* the Agency ordered Mr. Roskin to pay $350.00 per month child support and $175.00 per month toward a child support arrearage. Initially, Mr. Roskin requested an administrative hearing to challenge the administrative order. He later withdrew his request for the hearing. Subsequently, Mr. Roskin petitioned the circuit court to register a Texas divorce decree and sought declaratory judgments to determine that he had the right to modify the order. The trial court dismissed the petition and the motion to modify because Mr. Roskin had failed to exhaust his administrative remedies. The trial court's judgment was affirmed on appeal. The court of appeals held that the action would have properly been before the circuit court under a petition for judicial review of an administrative order under §§ 454.475.5, 536.100 to 536.140, RSMo1986.[1]

■ This case presents an analogous situation. Here, Father failed to file a petition for judicial review after the agency rendered its decision. Instead, Father filed a petition for satisfaction of judgment before the administrative decision had been rendered. Thus, Father allowed the administrative decision to become final, and he did not seek review of the decision. Father argues that *Lewis* is distinguishable because Mr. Roskin withdrew his request for a hearing. Although a hearing was not conducted in *Lewis,* its holding is applicable to this case. In *Lewis,* Mr. Roskin had more than one administrative procedure to exhaust. He was entitled to a hearing and judicial review of the agency's decision. In the case at bar, Father had already had a hearing, the agency rendered a decision, but Father never sought judicial review. After the agency rendered its decision, the order was filed with the circuit court. Section 454.490, entitled "Orders entered by director, docketing of, effect," provides:

A true copy of any order entered by the director pursuant to sections 454.460 to 454.510, along with a true copy of the return of service, may be filed in the office of the circuit court clerk in the county in which either the parent or the dependent child resides. Upon filing, the clerk shall enter the order in the judgment docket. *Upon docketing, the order shall have all the force, effect, and attributes of a docketed order or decree of the circuit court* including, but not limited to, lien effect and enforceability by supplementary proceedings, contempt of court, execution, and garnishment.

(Emphasis added). Thus, once the order was docketed, it became a judgment of the circuit court. Father's only remedy after the agen-

---

1. Other cases prohibiting collateral attack by way of independent action when administrative procedures have not been exhausted include, *Union Electric Co. v. Clark,* 511 S.W.2d 822 (Mo. 1974) (utility could not challenge order issued by Public Service Commission in a proceeding for a declaratory judgment when review procedure was set forth by statute and was exclusive to any other procedure); *Franklin v. Harris,* 762 S.W.2d 847 (Mo.App.1989) (principal barred from suing school district for breach of contract where statute provided for judicial review of demotion); *James v. City of Jennings,* 735 S.W.2d 188 (Mo.

App.1987) (trial court lacked jurisdiction over collateral attack by way of damage suit where applicants did not pursue statutorily required judicial review of denial of occupancy permit by city council acting in administrative capacity); *Schierding v. Missouri Dental Board,* 705 S.W.2d 484 (Mo.App.1985) (dentist alleging that certain portions of Dental Practice Act were unconstitutional failed to demonstrate propriety of substituting declaratory relief for remedy accorded in administrative proceeding arising out of disciplinary action against him).

cy rendered its decision was to file a petition for judicial review under Chapter 536.

 Section 536.110 provides that proceedings for review may be instituted by filing a petition in the circuit court within thirty days after the mailing or delivery of the notice of the agency's final decision. Father urges that § 536.110 does not set forth any specific form of petition which must be filed in order to review the agency's decision. He contends that the trial court was aware of the agency's decision when his petition to satisfy judgment was heard on February 7, 1994. Thus, Father argues that the trial court did review the agency's decision and found it to be incorrect.

Missouri case law provides that the procedure contained in § 536.110 is mandatory and must be complied with. *State ex rel. Burns v. Stanton*, 311 S.W.2d 137, 140 (Mo. App.1958). It has long been held that "where the statute provides the remedy and the procedure to be followed, such procedure must be complied with; [and] that a failure to comply with the statute is jurisdictional." *Id.* We are reluctant to treat formal niceties as more important than substance, but sometimes the departure from the necessary procedure is so substantial that we cannot bridge the gap. Father's petition was in the form of a petition to satisfy judgment, not a petition seeking judicial review, and was filed before the agency rendered its decision, not within thirty days after the mailing or delivery of the notice of the agency's final decision. Moreover, the trial court never purported to be reviewing the administrative decision, and, in fact, the trial court's decision never even mentioned it. Since Father did not follow the statutory procedure, and the court made no mention of reviewing the administrative decision, we are unable to persuade ourselves that the trial court was reviewing the administrative decision. Thus, Father did not comply with § 536.110. The agency decision became a final judgment when Father failed to seek review within the time provided by the statute. The trial court had no jurisdiction over Father's action and its ruling was a nullity. Accordingly, the trial court's judgment must be vacated for lack of jurisdiction.

Judgment is vacated.