William T. GUNTLI and Edwin E. Tracey, Jr., d/b/a Partners, Petitioners-Appellants,

v.

The Honorable Arthur E. McLEOD, Excise Commissioner, Respondent.

No. 44779.

Missouri Court of Appeals,
Eastern District, Division Two.

Feb. 1, 1983.

1. A survey of the plat area found 40 tenants within the prescribed area. The protest petition contained 24 valid signatures, 10 of which are in dispute as being withdrawn prior to the hearing. *See* § 376.022; Ordinance 51376 Revised Code of the City of St. Louis, 1960.

Ronald L. Rothman, Clayton, for petitioners-appellants.

John J. Morton, Asst. City Counselor, St. Louis, for respondent.

DOWD, Presiding Judge.

This appeal is from the judgment of the Circuit Court affirming the decision of the Excise Commissioner [hereinafter Commissioner] who, in turn, denied the renewal of appellants' full drink intoxicating liquor license. Judgment reversed and remanded.

On February 29, 1980 William T. Guntli and Edwin E. Tracey, Jr., d/b/a Partners filed an application with the Excise Commissioner's office for the renewal of their full drink intoxicating liquor license. On September 10, 1980 the Commissioner's office received a written protest against the renewal. As a result two hearings were held. On October 27, 1980 the Commissioner issued an order denying the renewal of said license on the ground that a valid and authentic majority of the persons occupying or conducting business on the main or surface floor within the prescribed petition circle formed the majority necessary to sustain the protest.[1] Said order was stayed on October 27, 1980 and affirmed on July 8, 1981 by the Circuit Court of the City of St. Louis. This appeal ensued.

Appellants contend that the Commissioner abused his discretion in 1) sustaining four signatures on the protest petition where sufficient testimony existed to support the finding that these signatures were obtained by fraud; 2) that his denial of said license was unauthorized and arbitrary in that he refused to accept ten reversal[2] slips presented in a timely fashion and in accord-

2. The Commissioner's rules and regulations permit a person to submit a reversal slip in order to withdraw his name from a protest petition.

ance with Missouri law; and 3) that his denial was capricious, arbitrary and unreasonable because he used a new plat, the existence of which was unknown to appellants, which contained less area and required fewer signatures for denial than the plat originally accepted at appellants' first hearing.

■ Judicial review of a decision by an administrative agency is limited to determining whether the decision was supported by competent and substantial evidence on the whole record; whether the decision was arbitrary, capricious or unreasonable, or whether the agency abused its discretion. *Overland Outdoor Advertising Co., Inc. v. Missouri State Highway Commission,* 616 S.W.2d 563 (Mo.App.1981); § 536.140(2)(1–7) RSMo 1978.

■ The fact finding function rests with the administrative agency and if the evidence would warrant either of two approved findings, an appellate court must uphold the factual determinations the agency has made. *Phelps v. The Metropolitan St. Louis Sewer District,* 598 S.W.2d 163 (Mo.App.1980).

■ Upon review of the facts as they appear in the administrative record, appellants' first and third points are denied. This court concludes that the Commissioner's sustention of the four signatures in question was supported by competent and substantial evidence.

The only evidence offered by appellants in this regard was Mr. Guntli's testimony that the signatures in question were obtained by fraudulent means. In support of this statement Mr. Guntli contended that the persons signing the protest informed him that they did not know what they were signing or that they were otherwise misinformed.

However, none of these witnesses were ever subpoenaed or produced. The excise commissioner has the right to judge the credibility of the witness and attribute as

much weight to the evidence proffered as he sees fit. It is evident he considered the testimony that was offered too tenuous to establish a case for fraud. Point denied.

As to appellants' third point, we find no evidence of the admission of a second plat. The only plat in the record is that submitted prior to the original licensing. The testimony by Mr. Strode, the liquor control commissioner, that during the course of his inquiry he did include certain addresses listed on the original plat does not support the conclusion that a second plat was used. The determination of the number of tenants included in the plat for the first hearing was made by the police and not the Commissioner or his department. Mr. Strode's testimony referred to his procedure for the second hearing in checking the accuracy of the plat and comparing it to the signature sheets submitted with the original application. The Commissioner is entitled to weigh this evidence and testimony and determine if the plat and homes included in it were measured correctly according to the requirements of the ordinance. *See State ex rel. Missouri Baptist Hospital, et al., v. Nangle,* 230 S.W.2d 128 (Mo.App. 1950); § 376.022; Ordinance 51376 Revised Code of the City of St. Louis, 1960.[3]

■ In their second point appellants contend the Commissioner unlawfully abused his discretion in refusing to admit into evidence ten reversal slips they presented at 8:30 a.m., prior to the hearing on October 24, 1980.

A reviewing court is permitted to reweigh the evidence for itself and determine facts where the agency decision involves the agency's application of law to the facts. *Washington Commercial Bank v. Bollwerk,* 582 S.W.2d 695 (Mo.App.1979); § 536.140(3) RSMo 1978. Our scope of review here is governed by this provision as this portion of the appeal concerns the application of the Commissioner's rule number 13 to the facts of this case.

**3.** This section can now be found in § 14.28.040 Revised Code of the City of St. Louis, 1980,

Annotated.

Appellants argue that the Commissioner's own rule number 13 which states "that persons may withdraw their names from the petition or protest by giving written notice to the excise commissioner of their intention prior to the date of the second hearing", supports the proposition that the reversal slips were timely filed and upon acceptance would render the protest invalid. We need not address the issue of timeliness for the reason that at the hearing the Commissioner admitted them into evidence on two separate occasions and nothing in the record indicates that the Commissioner found them invalid or unacceptable for any reason. Moreover, the Commissioner's findings of fact and conclusions of law are totally devoid of any mention of the reversal slips in question. As such, once the reversal slips were admitted into evidence the number of protesters was reduced to 14. Since the required majority in this case was 21 the protest was invalid.

The Commissioner's actions in denying the license were unauthorized and arbitrary. § 536.140(2)(4), (6) RSMo 1978. Accordingly, we reverse and remand this case with directions for the Commissioner to grant the renewal of appellants' full drink intoxicating liquor license. § 536.140(5) RSMo 1978.

SMITH and GAERTNER, JJ., concur.