Joseph W. KUNZ, Superintendent, Bellefontaine Habilitation Center, Appellant,

v.

PERSONNEL ADVISORY BOARD, and Linda Anderssen, et al., Respondents.

No. 52699.

Missouri Court of Appeals, Eastern District, Division One.

Nov. 24, 1987.

Mary Stewart Tansey, Jefferson City, for appellant.

Sara G. Rittman, Jefferson City, for respondents.

GARY M. GAERTNER, Presiding Judge.

Appellant Bellefontaine Habilitation Center dismissed respondent Linda Anderssen from employment for physical abuse of a client. Respondent appealed to the Missouri Personnel Advisory Board. The Board found that no physical abuse had occurred and reinstated respondent with back pay. Appellant petitioned the St. Louis County Circuit Court for review of the administrative hearing which the court denied. On appeal appellant argues: (1) the Board's finding that respondent did not strike the client was arbitrary, capricious, unreasonable and against the overwhelming weight of the evidence; and (2) the Board misapplied the law to the facts in finding that no patient abuse occurred. We affirm.

On September 24, 1985, respondent was working with a self-abusive client in the program area at the Bellefontaine Habilitation Center. The exercise involved stacking washers on a wooden dowel rod. The client would grasp a washer and stack it on the dowel. She would do this two or three times, then stop and begin to strike herself in the face with her fist. The client beat herself throughout the exercise period, five or six times per minute. During the course of this exercise, a training team of three employees observed the various activities in the program room. Each of the three employees testified that they saw respondent strike the client on the right hand with the wooden dowel.

Two employees, who were working with other patients in the program room at the time of the alleged striking, testified that they did not see respondent strike the client. Respondent testified that she did not strike the client with the dowel, but she did have the dowel in her hand when she attempted to interrupt the client's self-injurious behavior. Although respondent admitted that she may have pressed too hard on the client's hand, she claimed that her main objective was to prevent the client from hitting herself.

The Board found that the so-called striking by respondent did not occur. The Board further found that the action of respondent may have appeared to have been striking because she had the dowel in her hand when she was trying to restrain the client from beating and injuring herself. The Board concluded that respondent's actions did not constitute patient abuse.

On appeal appellant argues that the Board's finding that no striking occurred was arbitrary, capricious, unreasonable and against the overwhelming weight of the evidence. In reviewing a finding of fact of an administrative agency, we limit our determination to whether the agency's decision was arbitrary, capricious, unreasonable, unlawful, or unsupported by compe-

tent and substantial evidence. *Evangelical Retirement Homes v. State Tax Comm'n.*, 669 S.W.2d 548, 552 (Mo. banc 1984). RSMo § 536.140.2 (1986). We consider the evidence in a light most favorable to the agency's decision. *Bell v. Board of Educ.*, 711 S.W.2d 950, 955 (Mo.App., E.D.1986).

 Three employees testified that respondent struck the client. Respondent testified that she did not strike the client. The two employees who were in the same room when the alleged striking occurred both testified that they did not see respondent strike the client. The Board weighed the credibility of the testimony received and was free to accept or reject all or part of any witness' testimony. *Vaughn v. Labor & Indus. Relations Comm'n.*, 603 S.W.2d 63, 66 (Mo.App., E.D.1980). The fact finding function rests with the Board. *Guntli v. Mcleod*, 646 S.W.2d 899, 901 (Mo. App., E.D.1983). We will not substitute our judgment of the evidence for that of the Board. *Bell*, 711 S.W.2d at 955. Rather, we limit our inquiry to whether the findings reached by the agency were reasonable under the evidence. *Aubuchon v. Gasconade County R–1 School Dist.*, 541 S.W.2d 322, 326 (Mo.App., E.D.1976). After reviewing the record we determine the Board's finding that no striking occurred was supported by competent and substantial evidence. *Evangelical*, 669 S.W.2d at 552. The Board's decision was not arbitrary, capricious, or unreasonable, nor did the Board abuse its discretion. Point denied.

In its second point, appellant asserts that the Board misapplied the law. Respondent admitted that she used the dowel to restrain the client and that she may have pushed too hard on the client's hand. Appellant argues that even if respondent did not strike the client, respondent's admitted conduct constituted patient abuse under Department of Mental Health regulations. Department Operating Regulation 2.205 defines physical abuse as: "purposely beating, striking, wounding or injuring any client, or in any manner whatsoever, mistreating or maltreating a client in a brutal or inhumane manner." Appellant main-

tains that respondent mistreated the client in an inhumane manner.

 When reviewing an agency's application of the law to the facts we may substitute our judgment for that of the agency. *M.V. Marine Co. v. State Tax Comm'n.*, 606 S.W.2d 644, 647 (Mo. banc 1980). We do not believe that respondent's actions were brutal or inhumane given the attendant circumstances. The Board correctly found that the admitted pushing on the client's hand with the dowel rod to prevent the client from striking herself in the face did not constitute mistreatment of the client in a brutal or inhumane manner.

The circuit court correctly denied appellant's petition for review.

REINHARD and CRIST, JJ., concur.