**Booker T. ANDERSON, Personnel Advisory Board of State of Missouri, and The Board Members, Appellants,**

v.

**Morty LEBEDUN, Western Missouri Mental Health Center, Respondent.**

**No. WD 41314.**

Missouri Court of Appeals,
Western District.

May 23, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 27, 1989.

Application for Transfer Sustained
Aug. 1, 1989.

Case Retransferred Jan. 26, 1990.

Court of Appeals Opinion
Readopted Feb. 5, 1990.

Michael T. Murphy, Kansas City, for appellants.

William L. Webster, Atty. Gen., Mary Stewart Tansey, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P.J., and CLARK and FENNER, JJ.

FENNER, Judge.

Appellant, Booker T. Anderson, was discharged from his position, as a Security Officer I, with Western Missouri Mental Health Center, Department of Mental Health, State of Missouri (hereinafter Western Missouri). Appellant appealed his dismissal to the Personnel Advisory Board, State of Missouri, pursuant to Chapter 36, RSMo 1986. In accordance with Chapter 36, appellant's Petition seeking review of his discharge was against the Superintendent of Western Missouri (hereinafter the Superintendent) as the designated appointing authority. The Personnel Advisory Board disapproved of appellant's discharge and ordered that he be reinstated to his former position. The Superintendent then sought judicial review of the decision of the Personnel Advisory Board under Section 36.390, RSMo 1986 and Chapter 536, RSMo 1986 [1]. Upon review of the record before the Personnel Advisory Board the circuit court reversed the decision of the Board and upheld appellant's discharge from his position with Western Missouri. Appellant now appeals the order of the Circuit Court reversing the decision of the Personnel Advisory Board.

Appellant was initially discharged for unauthorized use of a state vehicle, leaving the premises of Western Missouri during regular working hours without authorization, threatening a client of Western Missouri, accepting money from a client of Western Missouri and sexually abusing a client of Western Missouri.

The Superintendent presented evidence before the Personnel Advisory Board in support of the allegations against appellant. Pursuant to Section 36.390.5, the technical rules of evidence are not applicable in an appeal of a dismissal to the Personnel Advisory Board. The Superintendent's evidence before the Personnel Advisory Board consisted mostly of statements made by the client in question to employees at Western Missouri. The client was not called to testify because in the opinion of the Director of General Psychiatry at Western Missouri the particular client could tolerate very little stress and causing her to testify would present a significant risk of producing a psychotic reaction.

A review of the evidence presented to the Personnel Advisory Board is not necessary for purposes of this appeal. It suffices to say that if the evidence presented by the Superintendent would have been believed it would have supported appellant's discharge. However, the appellant's evidence, which consisted of his testimony and several witnesses called on his behalf, refuted the allegations against him and discredited the statements of the client in question.

In his sole point on appeal appellant argues that the circuit court erred by reversing the decision of the Personnel Advisory Board in that the Board's decision was supported by the record as a whole.

Article V, Section 18 of the Missouri Constitution provides in part that:

"All final decisions, findings, rules and orders on any administrative officer or body existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights, shall be subject to direct review by the courts as provided by law; and such review shall include the determination whether the same are authorized by law, and in cases in which a hearing is required by law, whether the same are supported by competent and substantial evidence upon the whole record."

Chapter 36, RSMo, is known as the State Personnel Law. Chapter 36 is applicable to employees of the State of Missouri as designated therein including employees of the Department of Mental Health. Section 36.-390.5., provides among other things, that an employee dismissed from his employment can appeal to the Personnel Advisory Board. Section 36.390.9., provides that final decisions of the Personnel Advisory Board shall be subject to review on the record by the administrative hearing commission or by the circuit court pursuant to Chapter 536, RSMo, but not both, at the election of the appealing party. In the case at bar, the Superintendent appealed

---

1. All statutory references herein are to RSMo    1986.

the decision of the Personnel Advisory Board and elected to have the appeal heard in the circuit court.

Section 536.140, provides that the court shall review the case on the record before the Personnel Advisory Board and determine whether the Board's action:

(1) Is in violation of constitutional provisions;

(2) Is in excess of the statutory authority or jurisdiction of the agency;

(3) Is unsupported by competent and substantial evidence upon the whole record;

(4) Is, for any other reason, unauthorized by law;

(5) Is made upon unlawful procedure or without a fair trial;

(6) Is arbitrary, capricious or unreasonable;

(7) Involves an abuse of discretion.

The fact finding function rests with the administrative agency and if the evidence would warrant either of two opposite findings, an appellate court must uphold the factual determination of the agency. *Guntli v. McLeod,* 646 S.W.2d 899, 901 (Mo.App.1983). The court may not substitute its own judgment of the facts unless the Board's judgment is unsupported by competent and substantial evidence on the whole record. *Kunz v. Personnel Advisory Board,* 740 S.W.2d 395, 397 (Mo.App. 1987); *Bell v. Bd. of Educ. of City of St. Louis,* 711 S.W.2d 950, 955 (Mo.App.1986); Section 536.140. Additionally, the agency's decision is subject to review to determine whether it was arbitrary, capricious or unreasonable, or whether the agency abused its discretion. *Ferrario v. Baer,* 745 S.W.2d 193, 195 (Mo.App.1987); Section 536.140. The evidence must also be viewed in the light most favorable to the agency's decision. *Id.* at 195.

A review of the record herein reveals that there is clearly competent and substantial evidence to support the judgment of the Personnel Advisory Board. Furthermore, the decision of the Board disapproving of appellant's discharge and ordering him reinstated was not arbitrary, capricious, unreasonable or an abuse of discretion.

Respondent argues that the Personnel Advisory Board found that the evidence proffered by the Superintendent was inadmissible and could be afforded no probative value. This argument is not consistent with the record in that the Personnel Advisory Board did not exclude any of the Superintendent's evidence from consideration and specifically stated, "The Board considered all of the evidence which was received at the hearing and accorded all the evidence such weight as the Board deemed was appropriate."

The judgment of the trial court is reversed. Appellant is ordered to be reinstated to his former position and to be paid all salary lost by reason of his dismissal after deduction of unemployment compensation paid to appellant subsequent to his dismissal in accordance with the order of the Personnel Advisory Board.

All concur.