**Joe E. WALKER, Jr., d/b/a Last Chance Lounge, Appellant,**

v.

**SUPERVISOR OF LIQUOR CONTROL, Respondent.**

**No. WD 41725.**

Missouri Court of Appeals,
Western District.

Oct. 10, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 28, 1989.

Application to Transfer Denied
Jan. 10, 1990.

Janet Davis Baker, Kansas City, for appellant.

William L. Webster, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for respondent.

Before NUGENT, C.J., and CLARK and FENNER, JJ.

FENNER, Judge.

Appellant, Joe E. Walker, d/b/a Last Chance Lounge (hereinafter Walker), appeals the decision of the trial court which upheld the decision of the Missouri Administrative Hearing Commission (hereinafter Commission) in which the Commission upheld the determination of the Supervisor of Liquor Control that Walker's liquor license at the Last Chance Lounge be suspended for thirty days. Walker's license was suspended for allowing gambling and gambling devices on the premises of the Lounge.

Walker was found to have violated 11 C.S.R. § 70–2.140(10) (1988) which provides in pertinent part as follows:

No licensee shall allow upon or about his/her licensed premises, any gambling of any kind or character whatsoever, in which the one who plays stands to win or lose money, trade checks, prizes, merchandise or any other consideration whatsoever. No licensee shall have any gambling devices upon his/her licenses premises where money, trade checks, prizes, merchandise or property or any other consideration whatsoever may be won or lost ...

In his first point on appeal Walker argues that the trial court erred in finding that the decision of the Commission was supported by competent and substantial evidence on the whole record and that it was not arbitrary, capricious and unreasonable.

In an appeal from a decision of the circuit court affirming an administrative decision or order, the Court of Appeals reviews the findings and decision of the administrative agency and not the judgment of the circuit court. *Evangelical Retirement Homes of Greater St. Louis, Inc. v. State Tax Comm'n*, 669 S.W.2d 548, 552 (Mo. banc 1984). The fact finding function rests with the administrative agency and if the evidence would warrant either of two opposite findings, an appellate court must uphold the factual determination of the agency. *Guntli v. McLeod*, 646 S.W.2d 899, 901 (Mo.App.1983). The court may not substitute its own judgment of the facts unless the Board's judgment is unsupported by competent and substantial evidence on the whole record. *Kunz v. Personnel Advisory Board*, 740 S.W.2d 395, 397 (Mo.App. 1987); *Bell v. Bd. of Educ. of City of St. Louis*, 711 S.W.2d 950, 955 (Mo.App.1986); Section 536.140, RSMo 1986. Additionally, the agency's decision is subject to review to determine whether it was arbitrary, capricious or unreasonable, or whether the agency abused its discretion. *Ferrario v. Baer*, 745 S.W.2d 193, 195 (Mo.App.1987); Section 536.140, RSMo 1986. The evidence must also be viewed in the light most favorable to the agency's decision. *Id.*

In the light most favorable to the Commission's decision the evidence supports its decision. On June 9, 1987, liquor agents Helen Boyd and Willard Wagner visited the Last Chance Lounge. The agents both testified that they observed an unknown woman playing a video poker machine. The testimony was that the agents observed the woman put quarters in the machine and that she accumulated 300 credits on the machine. After the woman accumulated 300 credits she had a discussion with Walker in which discussion Walker laughingly said, "Well, I don't pay off on the machine on Tuesdays." The woman

told Walker, "I have 300 credits. It's seventy five dollars." Walker then gave her four twenty dollar bills and said to the woman, "Give me five dollars." The woman then gave Walker a five dollar bill. Walker then told the bartender to "take the credits off the machine." The bartender then punched a remote control device removing the credits from the machine.

■ It is true, as Walker argues in support of his first point on appeal, that the hearsay evidence generally does not qualify as competent and substantial evidence upon the whole record to support a finding of fact by an administrative agency. *State ex rel. De Weese v. Morris,* 359 Mo. 194, 221 S.W.2d 206, 209 (1949); *Knapp v. Missouri Local Government Employees Retirement System,* 738 S.W.2d 903, 913 (Mo. App.1987). However, parties to an administrative hearing may waive objections to hearsay and the evidence may then be considered as substantial and competent evidence. *Helfrich v. Labor and Industrial Relations Comm'n,* 756 S.W.2d 663, 666 (Mo.App.1988).

Walker does not reference in his brief the hearsay evidence of which he complains. In the recitation of facts herein, the only possible hearsay evidence consists of the statements by the unknown woman. The record reflects that the statements of the woman quoted herein were received without objection and therefore, even if they were hearsay they may be considered as competent and substantial evidence.

Appellant's first point is without merit and is denied.

In his second point Walker argues that the Commission applied an inappropriate "burden of proof." Walker's characterization of his second point as relating to a question of burden of proof is misplaced in that in his brief, under this point, he argues once again the question of the sufficiency of the evidence.

In support of his second point Walker states that his "burden of proof" argument involves a question of law and therefore the Commission's decision thereon is a matter for the independent judgment of the reviewing court. In support of his argu-

ment Walker points out that his testimony was contrary to the testimony of the liquor agents and that there were other discrepancies in the evidence. Walker argues that there is some significance to the fact that the unknown woman was not arrested and that she was not called to testify. As if these arguments are not enough to show the futility of his position, Walker goes on to argue that his evidence was at least equal to that of the Supervisor of Liquor Control and therefore, a decision could only be based upon conjecture which he argues is a failure of proof.

Section 536.140.3, RSMo 1986, provides an alternative standard of review in cases where an act complained of involves only the application by the agency of the law to the facts. *Evangelical Retirement Homes,* 669 S.W.2d at 552. Section 536.-140.3, RSMo 1986, provides in pertinent part that "[w]henever the action of the agency being reviewed does not involve the exercise by the agency of administrative discretion in the light of the facts, but involves only the application by the agency of the law to the facts, the court may weigh the evidence for itself and determine the facts accordingly."

Evidenced by the very argument that Walker makes in support of this point, the facts were in dispute and the Commission's determination of those facts involved the exercise of the Commission's discretion in determining the facts. As stated previously herein, the fact finding function rests with the administrative agency and if the evidence would warrant either of two opposite findings, an appellate court must uphold the factual determination of the agency. *Guntli,* 646 S.W.2d at 901.

■ In his third point, Walker argues that the Commission denied his right to confront his accusers by failing to require the Supervisor of Liquor Control to identify the unknown woman and present her for cross-examination. The evidence before the Commission was that the liquor agents did not know the woman and did not know how to locate her but that Walker appeared to be familiar with her.

Any party can request the issuance of a subpoena in a contested case before an agency created by the constitution or state statute. § 536.077, RSMo 1986. Walker made no request that he be allowed to subpoena this witness.

Walker further argues on this point that the statements of the woman were hearsay and their admission denied him the opportunity to confront the witness. The statements of the woman were offered on numerous occasions without objection by Walker and many of the statements of the woman were testified to in direct response to questions of the liquor agents by Walker's counsel. This argument was addressed in response to Walker's first point on appeal and needs no further comment.

Walker's third point is without merit and is denied.

In his fourth point Walker argues that the penalty imposed against him was out of proportion to the offense committed. Walker argues that he is entitled to have a lesser penalty imposed but cites no authority for this proposition.

 The Supervisor of Liquor Control alone has authority to suspend or revoke a liquor license for cause. The authority to decide what penalty is appropriate for a particular violation rests with the Supervisor of Liquor Control, not the Administrative Hearing Commission or a reviewing court. *State Board of Reg. for Healing Arts v. Masters,* 512 S.W.2d 150, 160 (Mo. App.1974). Violation of 11 C.S.R. § 70–2.140(10) (1988), by allowing gambling on a licensed premises, is cause for the Supervisor to exercise his authority to suspend or revoke.

The judgment of the trial court upholding the decision of the Administrative Hearing Commission is affirmed.

All concur.