Shirley **HARRINGTON**, Appellant,

v.

Charles E. **SMARR**, Supervisor, Division of Liquor Control, Respondent.

No. WD 45719.

Missouri Court of Appeals,
Western District.

Sept. 29, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied
Nov. 24, 1992.

Application to Transfer Denied
Jan. 26, 1993.

David G. Edwards, Jefferson City, for appellant.

William L. Webster, Atty. Gen., Deborah Ground Buckner, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P.J., and BRECKENRIDGE and HANNA, JJ.

BRECKENRIDGE, Judge.

Shirley Harrington appeals the decision of the trial court affirming the decision of the Missouri Administrative Hearing Com-

mission (Commission) in which the Commission upheld the determination of the Supervisor of Liquor Control that Harrington's liquor license at the Jamesport Tavern should be subject to discipline. Harrington was found to have violated 11 C.S.R. 70–2.140(15), for permitting persons to possess and smoke marijuana, and 11 C.S.R. 70–2.140(10), for allowing gambling. Both violations resulted from activities at the Jamesport Tavern.

The Supervisor of Liquor Control originally suspended Harrington's liquor license for thirty days. After the Commission held that Harrington's license is subject to discipline, the Supervisor of Liquor Control held an additional hearing and ordered that Harrington's license be revoked.[1]

The judgment is affirmed.

On February 18, 1989, an undercover agent of the Supervisor of Liquor Control observed three patrons of the Jamesport Tavern smoking a hand-rolled cigarette at a nearby table. The agent concluded, based on the patrons' behavior and the odor, that they were smoking marijuana. Harrington was not present at the tavern that evening. The bartender on duty that night was in another room and could not have observed the patrons from his position behind the bar. Two women were cleaning tables and helping serve patrons. However, both women testified that they were not employed by Harrington as waitresses but were helping only because the tavern was especially busy. The agent testified that at least one of the women had been in the room where the cigarette was smoked and had passed near the table where the smokers were sitting.

The Commission held that Harrington had permitted the use of a controlled substance on the premises in violation of 11 C.S.R. 70–2.140(15). The Commission concluded that the hand-rolled cigarette was marijuana. The Commission also concluded that both women were employed as Har-

---

1. The second hearing presumably was based on the holding of the Court of Appeals, Eastern District, in *ARO Systems v. Supervisor of Liquor Control*, 684 S.W.2d 504 (Mo.App.1984). Harrington has not raised on appeal the issues in *ARO* nor questioned the ability of the Supervisor to impose a more severe sanction in the second hearing, which hearing occurs as a consequence of the licensee exercising his or her right to appeal to the Commission.

rington's waitresses and that at least one of them had ample opportunity to observe the consumption of the marijuana but did nothing to stop it.

On the evening of April 21, 1989, the undercover agent returned to the Jamesport Tavern where he observed two patrons flipping quarters for five dollar bills. Harrington was present at the tavern on that evening. The patrons flipped a total of three times. The agent testified that Harrington watched and laughed as the patrons flipped for the five dollar bills and finally stopped the game because she became suspicious that the agent was a liquor control agent. Other witnesses, including Harrington, testified that Harrington stopped the game as soon as she noticed the patrons' activities. The Commission held that Harrington had allowed patrons to gamble on the premises of the Jamesport Tavern in violation of 11 C.S.R. 70–2.140(10).

■■■■ On appeal, the court reviews the findings and conclusions of the administrative agency rather than the judgment of the circuit court. *Cochran v. Board of Educ.*, 815 S.W.2d 55, 58 (Mo.App.1991). The evidence must be viewed in the light most favorable to the agency's decision. *Walker v. Supervisor of Liquor Control*, 781 S.W.2d 113, 114 (Mo.App.1989). If the agency could have reasonably made its findings and reached its result, the court on appeal may not substitute its own judgment for that of the agency. *Citizens for Rural Preservation v. Robinett*, 648 S.W.2d 117, 124 (Mo.App.1982). The fact finding function rests with the Commission and even if the evidence would support either of two findings, the court is bound by the Commission's factual determination. *Lebedun v. Robinson*, 768 S.W.2d 219, 222 (Mo.App.1989).

In order to affirm the decision of the Commission, the appellate court must determine that the decision is supported by "competent and substantial evidence upon the whole record." *Hanebrink v. Parker*, 506 S.W.2d 455, 457 (Mo.App.1974). Substantial evidence has been defined by the Missouri Supreme Court as:

... evidence which, if true, has probative force upon the issues, i.e., evidence favoring facts which are such that reasonable men may differ as to whether it establishes them; it is evidence from which the trier or triers of the fact reasonably could find the issues in harmony therewith; it is evidence of a character sufficiently substantial to warrant the trier of facts in finding from it the facts, to establish which the evidence was introduced.

*Collins v. Division of Welfare*, 364 Mo. 1032, 270 S.W.2d 817, 820 (1954).

■■■ In the case at hand, whether the Commission's findings of fact are supported by competent and substantial evidence is based solely on an assessment of the credibility of the witnesses. Harrington argues in her first point on appeal that the Commission's finding that Harrington's employees permitted the use of a controlled substance at the Jamesport Tavern, resulting in suspension of Harrington's license for thirty days, is erroneous and against the weight of the uncontradicted evidence because only the bartender was actually an employee and he was in another room and unable to observe the alleged conduct. Harrington testified that the two women who were wiping tables and serving patrons on the night the agent observed the controlled substance violation were not her employees and that the only paid employee at the Jamesport Tavern that night was the bartender. The two women also testified that they were not employees or waitresses hired by Harrington to serve the tavern's patrons but were voluntarily helping patrons on the night in question.

The Commission apparently chose not to believe the testimony of Harrington and the two women waitresses. The Commission was free to believe all, part, or none of the testimony of any of the witnesses. *Ragan v. Smarr*, 810 S.W.2d 718, 719–20 (Mo. App.1991). The Commission determined in its findings of fact, after having heard the testimony and observing the demeanor of the witnesses, that the women were working as "Harrington's waitresses." The Commission concluded that at least one of

the waitresses had "ample opportunity to observe patrons and smell the marijuana" while wiping the agent's table, but did nothing to stop the use of a controlled substance in the tavern.

The reviewing court must defer to the Commission on issues of witness credibility. *Welty v. Board of Chiropractic Examiners,* 759 S.W.2d 295, 298 (Mo.App. 1988). Determining the credibility of the witnesses is the function of the Commission rather than the reviewing court because the Commission is in the best position to judge the demeanor and conduct of the witnesses. *Citizens for Rural Preservation v. Robinett,* 648 S.W.2d at 127.

The Commission also concluded that the Supervisor of Liquor Control (Supervisor) established by a preponderance of the evidence, through the agent's description of the manner in which the hand-rolled cigarette was being handled and the smell of the smoke, that the substance being smoked was marijuana. The proper evidentiary standard for the Supervisor is preponderance of the evidence. *Fujita v. Jeffries,* 714 S.W.2d 202, 206 (Mo.App.1986). The Supervisor's burden was to show that it was more probable than not that the substance the agent observed being smoked by the three patrons of the Jamesport Tavern was marijuana. The Commission correctly concluded that the Supervisor met this burden.

Both the licensee and the licensee's employees have a responsibility not to permit possession of a controlled substance on the licensed premises. 11 C.S.R. 70–2.140(15). Marijuana is a controlled substance under § 195.017.2(4)(n), R.S.Mo.Supp.1989. "Permit" does not require intent or an affirmative act; it is merely passivity or abstinence from preventive action. *See State v. Muchnick,* 334 S.W.2d 386, 390 (Mo.App. 1960). Harrington's employee permitted the use of marijuana on the premises of the Jamesport Tavern and Harrington, as the licensee, is directly responsible for any act of an employee on the licensed premises which violates the liquor laws or regulations. 11 C.S.R. 70.2–140(1). Point I is denied.

■ Harrington argues in her second point on appeal that the Commission erred in finding her license was subject to discipline for allowing gambling on the premises in violation of 11 C.S.R. 70–2.140(10) because its decision is unsupported by substantial evidence and contrary to the overwhelming weight of the evidence. Harrington, and the witnesses testifying in her behalf, testified that she acted immediately upon discovering the gambling to stop the activity. The agent testified that Harrington watched the gambling activity, laughing, and did not stop the gambling until she became suspicious that the agent was a liquor control agent. The Commission, after hearing the testimony of the witnesses, found the agent's testimony to be credible and adopted the agent's version of the violation in its findings.

■ The Commission was in the best position to judge the demeanor and credibility of the witnesses and had the discretion to believe all, part or none of the testimony of any witness. *Ragan,* 810 S.W.2d at 719. Where there is a direct conflict in the testimony, the Commission must make a choice between the conflicting testimony. *Salameh v. Kraiberg,* 795 S.W.2d 615, 618 (Mo. App.1990). The Commission chose to believe the testimony of the agent and this court must defer to that decision. Point II is denied.

The Commission's findings and decision are supported by competent and substantial evidence and are not against the overwhelming weight of the evidence. The decision of the Commission is upheld and the judgment of the trial court is affirmed.

All concur.