**Charles E. SMARR, Supervisor of Liquor Control, Appellant,**

**v.**

**SPORTS ENTERPRISES, INC., d/b/a Leisure World, Respondent.**

**No. WD 45982.**

Missouri Court of Appeals,
Western District.

Jan. 5, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 2, 1993.

Application to Transfer Denied
April 20, 1993.

William L. Webster, Atty. Gen., M. Melissa Manda, Asst. Atty. Gen., Jefferson City, for appellant.

Patrick E. Richardson, Green City, for respondent.

Before LOWENSTEIN, C.J., and TURNAGE and HANNA, JJ.

PER CURIAM:

This appeal is from an order entered in the circuit court of Adair county reversing an administrative decision by the appellant, the Supervisor of Liquor Control, and the Administrative Hearing Commission (Commission). The supervisor previously ordered a suspension of the respondent's liquor by-the-drink license for permitting a person under the age of twenty-one years to consume alcohol on the respondent's premises in violation of 11 CSR 70–2.140(13), Rules and Regulations of the Supervisor of Liquor Control. The trial court determined that the Commission's finding that the respondent "permitted" the unlawful consumption of alcohol on the premises was unsupported by competent and substantial evidence, was arbitrary and capricious, and involved an abuse of discretion. The decision of the circuit court is reversed and the case remanded to reinstate the decision of the Commission.

The respondent does business as Leisure World in Kirksville, Missouri. Leisure World is a family recreation center consisting of a bowling alley, a roller rink, billiards and pool area, two snack bars and this small lounge located between the alley and the rink.

Late at night, about 12:40 a.m., Greg Cody, an Adair County deputy sheriff, entered the Leisure World lounge area to investigate the report of drinking by a minor on the premises. Cody observed approximately 15 people in the lounge, including a bartender and waitress. He particularly noticed a youthful male, later identified as C. Robbins, sitting at a table with four other individuals. A pitcher of what appeared to be beer was on the table and Cody observed Robbins drinking what appeared to be beer from a plastic cup. Five glasses were on the table and all appeared to contain beer. The bartender and the waitress saw Robbins in and out of the lounge all night. Both testified he appeared to be under twenty-one.

Cody and liquor control agent Jones approached Robbins and asked him for identification. Robbins admitted he had no identification and further admitted he was only seventeen. Jones removed Robbins from the scene and confiscated the cup he had been drinking from. The seized beverage was found to contain 4.42 percent alcohol by weight and 5.61 percent alcohol by volume. The test could not determine the identity of the beverage, only its alcohol content.

During interrogation at the police department, Robbins admitted he had been drinking alcohol that evening and indicated he had not shown an identification card at any time at the lounge. He stated he did not know who bought the beer.

The evidence further showed that on the night in question Leisure World allowed minors into its lounge. On this, a "busy night," no doorman or bouncers were posted to check identification cards and additionally, no signs were posted prohibiting the entry of minors into the lounge. The Leisure World bartender and waitress as well as patrons had seen Robbins "in and out" of the lounge all evening, but, no employee ever required Robbins to produce an I.D.

The Commission determined the respondent was subject to discipline for violating 11 CSR 70–2.140(13) and respondent's liquor license was suspended for thirty days.

This court, in reviewing a contested administrative case, reviews the decision of the agency, not the judgment of the circuit court. *Thomas v. Missouri Dep't of Social Services, Division of Family Services,* 805 S.W.2d 286, 288 (Mo.App.1991). The standard of review in this case is that the decision must be upheld if it was supported by competent and substantial evidence upon the whole record. § 536.140.-2(3), RSMo 1986. The record must be viewed in a light most favorable to the Administrative Hearing Commission decision. *Lebedun v. Robinson,* 768 S.W.2d 219, 222 (Mo.App.1989). This court cannot substitute its judgment of the facts unless the Commission's findings are unsupported. *Walker v. Supervisor of Liquor Control,* 781 S.W.2d 113, 114 (Mo.App.1989). Determining credibility is the role of the Commission. *Citizens for Rural Preservation v. Robinett,* 648 S.W.2d 117, 124 (Mo.App.1982).

11 CSR 70–2.140(13) reads:

*Consumption by Minor, Prohibited.* **No licensee shall permit anyone under the age of twenty-one (21) years of age to consume intoxicating liquor or three and two-tenths percent (3.2%) nonintoxicating beer upon or about his/her licensed premises.**

The respondent contends the appellant failed to meet the burden of proof on the issue of whether the respondent "permitted" the consumption by a minor of alcoholic beverages on its premises.

 The regulation provides no definition of the word "permit"; however, Missouri courts have interpreted it in a variety of cases. The court in *Hill v. Montgomery*, 176 S.W.2d 284 (Mo.1943), said that passive behavior including "tacit consent or ... not hindering," can constitute permission. *Id.* at 287. Also, in *State v. Muchnick*, 334 S.W.2d 386, 389 (Mo.App.1960), the court held "permit" to mean "mere passivity, indifference, abstaining from preventive action." *See also Harrington v. Smarr*, 844 S.W.2d 16, 19 (Mo.App.1992, at page 6).

It is clear that the respondent failed to take any preventative action to hinder minors from drinking intoxicants on its licensed permits. No employees were checking identification, and no one asked Robbins to demonstrate he was of legal drinking age. Minors were allowed to come in and out of the lounge, and no signs restricting the age of drinking customers were posted.

In this case the respondent permitted a minor to consume alcoholic beverages on the premises. There is substantial evidence to support the decision of the Commission. The decision was not arbitrary or capricious.

The judgment is reversed and the cause remanded for the court to reinstate the Commission's order and thirty day suspension.