Thomas HALFORD, Respondent,

v.

MISSOURI STATE HIGHWAY
PATROL, Appellant.

No. WD 50654.

Missouri Court of Appeals,
Western District.

Oct. 3, 1995.

Rehearing Denied Dec. 5, 1995.

Jeremiah W. (Jay) Nixon, Atty. Gen.,
Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for appellant.

John David Landwehr, Jefferson City, for respondent.

Before FENNER, C.J., P.J., and LOWENSTEIN and BRECKENRIDGE, JJ.

FENNER, Chief Judge.

In August of 1991, evidence of illegal wiretaps surfaced within the Missouri State Highway Patrol (Patrol), and an investigation was commenced. During the investigation, it was determined that a listening device had been placed on the telephone of Corporal Oliver Dixon, an investigator for the Missouri Lottery. The wiretap had been placed on Corporal Dixon's telephone at Patrol headquarters in Jefferson City, Missouri, in the spring of 1987 and was removed June 13, 1987. Corporal Dixon had been transferred to the Division of Drug and Crime Control in November of 1986, and Lieutenant Thomas Halford, then a sergeant, was Corporal Dixon's immediate supervisor during the time the wiretap was in place. As part of the investigation, Lieutenant Halford was interviewed several times by members of the Professional Standards Division of the Missouri State Highway Patrol and the Attorney General's Office regarding his knowledge of the illegal wiretaps and his experience as Corporal Dixon's supervisor.

On November 6, 1991, the Professional Standards Division formally charged Lieutenant Halford with five counts of misconduct relating to the investigation of illegal wiretapping activities within the Patrol and recommended that his employment with the Patrol be terminated. On November 22, 1991, a Disciplinary Board was convened to conduct a hearing regarding the charges.

On July 8 and 9, 1992, a full evidentiary hearing was held in conformance with Missouri's Administrative Procedure Act. The Disciplinary Board determined that two of the five charges were substantiated by the evidence. Specifically, Lieutenant Halford was found to have violated the Rules and Regulations of the Patrol in the following respects:

1) In that in an attempt to mislead the investigation into allegations of illegal electronic surveillance which occurred in the Division of Drug and Crime Control in or about the spring of 1987, Lieutenant Halford falsely told the Professional Standards Division in the course of the investigation that he had not had any problems with Corporal Oliver Dixon while he was his supervisor in the Division of Drug and Crime Control. It was later determined Lieutenant Halford had documented several problems with Dixon during this time period.

2) In that in violation of his oath of office and contrary to department directives during the course of this investigation, Lieutenant Halford falsely reported to both the Professional Standards Division, as well as during a polygraph examination, that he had no knowledge of any wiretap within the Division of Drug and Crime Control.

Based on the findings, the Disciplinary Board recommended that Lieutenant Halford be demoted to the rank of sergeant and that he be transferred to another troop. The Superintendent approved this recommendation and the discipline was imposed.

Lieutenant Halford filed a Petition for Review in the circuit court pursuant to section 536.100, RSMo 1994. The petition alleged that the decisions of the Disciplinary Board and the Superintendent were not supported by competent and substantial evidence upon the whole record. The circuit court agreed concluding (1) various types of problems with Corporal Dixon were discussed at length by Lieutenant Halford with the investigators on several occasions, and (2) the polygraph evidence on its own was insufficient to support a charge that Lieutenant Halford failed to admit that he had knowledge of the illegal wiretap prior to the investigation. The Patrol appeals the decision of the circuit court. The judgment is affirmed in part and reversed in part.

■ In its first point on appeal, the Patrol claims that the circuit court erred in reversing the decision of the Missouri State Highway Patrol Disciplinary Board because the decision was supported by competent and substantial evidence. It argues that the evidence supported the charge that Lieutenant Halford intentionally mislead investigators regarding any problems he had with Corpo-

ral Dixon while his immediate supervisor.[1] It was the Patrol's contention during the investigation that Corporal Dixon's telephone was monitored to determine the extent of his use of the telephone, which was regarded as excessive, and that Lieutenant Halford desired to create an impression that he had no problems supervising Corporal Dixon and, thus, no motive to conduct a surveillance of Corporal Dixon.

■■■ Review by an appellate court is of the decision of the administrative agency, not the judgment of the circuit court. *Prince v. Division of Family Services,* 886 S.W.2d 68, 70 (Mo.App.1994); *Walker v. Supervisor of Liquor Control,* 781 S.W.2d 113, 114 (Mo. App.1989). "If the findings of the agency are supported by substantial and competent evidence in the record, they must be affirmed, but if they are contrary to the determinative undisputed facts, the decision is arbitrary and unreasonable and must be reversed." *Prince,* 886 S.W.2d at 70; § 536.140, RSMo 1994. The evidence must be viewed in the light most favorable to the agency's decision. *Id.; Walker,* 781 S.W.2d at 114. Substantial evidence is evidence which has probative force and from which the trier of fact reasonably could find the issues in harmony therewith. *Prince,* 886 S.W.2d at 70.

In this case, a review of the record reveals that Lieutenant Halford discussed with investigators at length many problems he had with Corporal Dixon. The Patrol emphasizes that Lieutenant Halford denied having any problems with Corporal Dixon while he was his immediate supervisor, thereby denying any motive he may have had during the time the tap was actually in place. The record is clear, however, that Lieutenant Halford openly discussed the details of disciplinary problems he had with Corporal Dixon as his immediate supervisor. He also discussed problems he had documented in Corporal Dixon's personal file. Lieutenant Halford told investigators about Corporal Dixon's excessive telephone use. They also discussed incidents where Corporal Dixon did not show up for an assignment, left the scene of a manhunt operation, took a patrol vehicle to a

tavern, and drove a patrol car to St. Louis for a personal weekend. The decision of the Patrol Disciplinary Board that Lieutenant Halford mislead investigators regarding disciplinary problems he had with Corporal Dixon as his supervisor was contrary to the determinative undisputed facts, therefore the circuit court did not err in reversing the decision. That portion of the circuit court's order reversing the decision of the Missouri State Highway Disciplinary Board to demote and transfer Lieutenant Halford is affirmed.

■■■ In its second point on appeal, the Patrol argues that the circuit court erred in ordering it to reimburse Lieutenant Halford "for any expenses or economic loss incurred by him or by members of his immediate family resulting from his relocation and transfer" as part of its order reinstating Lieutenant Halford to his former rank. The Patrol claims that the order is broad and vague and that the court exceeded its authority by awarding Lieutenant Halford, or his family, reimbursement for economic loss.

After a review of applicable statutes, case law, and the Highway Patrol Rules and Regulations, this court finds no authority for an award of reimbursement for economic loss. Lieutenant Halford suggests that section 536.140, RSMo 1994 and General Order No. 17–08–333 of the Highway Patrol Rules and Regulations regarding moving expenses support the circuit court's order. Neither, however, addresses reinstatement or reimbursement after an improper dismissal. The circuit court exceeded its authority in awarding reimbursement for economic loss. That portion of the circuit court's decision ordering the Patrol to reimburse Lieutenant Halford "for any expenses or economic loss incurred by him or by members of his immediate family resulting from his relocation and transfer" is reversed. In all other respects, the judgment is affirmed.

All concur.

---

1. The Patrol does not appeal the decision of the circuit court relating to the use of the polygraph

results.