**MISSOURI DEPARTMENT OF PUBLIC SAFETY,**
Appellant,

v.

**Alan E. DAMERON, Respondent.**

**No. WD 64373.**

Missouri Court of Appeals,
Western District.

May 10, 2005.

Theodore A. Bruce, Jefferson City, for Appellant.

Alan E. Dameron, Bowling Green, pro se.

Before: THOMAS H. NEWTON, P.J., HAROLD L. LOWENSTEIN and PATRICIA A. BRECKENRIDGE, JJ.

THOMAS H. NEWTON, Presiding Judge.

The Missouri Department of Public Safety (Department) files this appeal from a circuit court judgment affirming the Administrative Hearing Commission's (Commission) determination that respondent, Mr. Alan E. Dameron, who holds a peace officer certificate, is not subject to discipline under section 590.080.1(2)[1] for committing a crime.[2] At issue is whether the Commission erred in finding that there was no cause to discipline Mr. Dameron's peace officer license. Because we find, as a matter of law, that there was cause to discipline Mr. Dameron's license, we hereby reverse.

According to uncontested testimony, Mr. Dameron was charged with unlawful use of a weapon in November 2002 and pled guilty in February 2003, on his lawyer's advice, to misdemeanor unlawful use of a weapon for possessing a weapon while intoxicated. Imposition of sentence was suspended, and Mr. Dameron was placed on supervised probation for two years.

Thereafter, the Department's Director filed a Petition for Discipline of Peace Officer License, alleging that cause existed to take disciplinary action against Mr. Dameron's license under section 590.080.1(2) and other sections no longer relevant to the case. Following an administrative hearing where the Director presented evidence of Mr. Dameron's guilty plea and questioned Mr. Dameron about the circumstances giving rise to his plea, the Commission ruled that the Director had not carried his burden of proof and that Mr. Dameron was not subject to disci-

---

1. All statutory references are to RSMo. (2000) or the Cumulative Supplement (2004) unless otherwise indicated.

2. The Department's Director also sought to discipline Mr. Dameron for being unable to function because of alcohol impairment under section 590.080.1(1), but does not challenge the Commission's ruling finding insufficient evidence relating to this purported offense.

pline. Specifically, the Commission found that Mr. Dameron "explained that he pled guilty on his lawyer's advice and was not intoxicated when he handled the weapon. We believe him." The Cole County Circuit Court affirmed the Commission's decision, and this appeal followed. The Department argues that under the doctrine of issue preclusion, Mr. Dameron was barred from re-litigating the issue of his guilt.

■ In a contested administrative proceeding, we review the Commission's decision and not the decision of the circuit court. *Smarr v. Sports Enters., Inc.*, 849 S.W.2d 46, 47 (Mo.App. W.D.1993). The Commission's decision must be upheld if it is supported by competent and substantial evidence, which must be viewed in the light most favorable to the Commission's ruling. *Id.* We defer to the Commission's fact-finding and credibility determinations. *Id.* Questions of law, however, are reserved for our independent judgment. *City of Cabool v. Mo. State Bd. of Mediation*, 689 S.W.2d 51, 54 (Mo. banc 1985).

Regardless of any issue preclusion principles, section 590.080.1(2) plainly provides that the director shall have cause to discipline any peace officer licensee who "[h]as committed any criminal offense, whether or not a criminal charge has been filed[.]" § 590.080.1(2). The Department has construed the phrase has "committed any criminal offense" to include "a person who has pleaded guilty to, been found guilty of, or been convicted of any criminal offense." 11 C.S.R. 75–13.090(2)(A).

Mr. Dameron pled guilty to a criminal offense; his peace officer license is, accordingly, subject to discipline. We reverse the circuit court's judgment and remand for further proceedings consistent with opinion.

HAROLD L. LOWENSTEIN and PATRICIA A. BRECKENRIDGE, JJ., concur.