Thomas EHLER, Respondent,

v.

MISSOURI STATE HIGHWAY PATROL, Appellant.

No. WD 68321.

Missouri Court of Appeals,
Western District.

March 11, 2008.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 29, 2008.

Application for Transfer Denied
June 24, 2008.

Theodore Bruce, Jefferson City, MO, for appellant.

Weldon Perry, Lexington, Mo, for respondent.

Before HAROLD L. LOWENSTEIN, P.J., JOSEPH M. ELLIS, and THOMAS H. NEWTON, JJ.

THOMAS H. NEWTON, Judge.

Mr. Thomas Ehler was a member of the Missouri State Highway Patrol (MSHP) for thirteen years. In 2006, a Procedural Hearing Board (Board) of the MSHP held a hearing and recommended that he be terminated from the MSHP. The Board's recommendation was based on the circumstances of a 911 call from his home in early 2006 and on past discipline from previous 911 calls, each of which stemmed from domestic disputes with his wife.

According to testimony at the hearing, Mr. Ehler's problems began after responding to a stalking incident. The suspect attempted to run over Mr. Ehler and another patrolman. The other patrolman shot at the suspect's car, and Mr. Ehler pursued the suspect. During the car pursuit, the suspect was stopped when he ran into a fence. As Mr. Ehler attempted to console him, the suspect died. Apparently despondent, Mr. Ehler developed alcohol-related problems and started having heated disagreements with his wife resulting in several calls to 911. He was disciplined by the MSHP for these calls prior to the early 2006 call.

On January 3, 2006, Mr. Ehler and his wife were arguing about their children. Mr. Ehler was not working that day and was intoxicated. Mrs. Ehler decided to leave with their children for the evening. Before leaving, she was sitting on their bed and told him not to touch her. He touched her with his nose. When she said that he had touched her and it was an assault, he said, "that wasn't touching, this is touching you," and he hit her with his head knocking her head against the wall. She responded by hitting him in the eye. A call was made to 911. A deputy from the county sheriff's office went to the house and took statements. Later, Mr. Ehler told investigators that he did not recall the incident because he was intoxicated.

At the hearing, testimony revealed that Mr. Ehler suffered from Post–Traumatic Stress Disorder, that he had been taking medication and receiving therapy, that his problems were dissipating, and that his arguments with his wife had become more reasonable. Additionally, some witnesses testified that these incidents had not affected their opinion of the MSHP. Despite these improvements the Board terminated Mr. Ehler. After the decision of the Board to terminate Mr. Ehler, he sought judicial review. The Cole County Circuit Court issued an order reversing the dismissal and ordered back pay. MSHP appeals. However as the party aggrieved by the board's decision Mr. Ehler assumed the role of the appellant in this action. Rule 84.05(e).

In a contested case, we review the findings of fact and conclusions of law of the agency, not the judgment of the circuit court. *Halford v. Mo. State High-*

*way Patrol,* 909 S.W.2d 362, 364 (Mo.App. W.D.1995). If the findings are supported by competent and substantial evidence in the record, then the decision must be affirmed. *Id.* The evidence is viewed in the light most favorable to the decision. *Id.* "Substantial evidence is evidence which has probative force and from which the trier of fact reasonably could find issues in harmony therewith." *Id.*

■ In his first point, Mr. Ehler argues that the Board's decision violated the hearing procedure set forth by statute and denied him due process because the non-voting captain who presided over the meeting voted. Under section 43.150,[1] a board is created to remove or discipline members of the MSHP. The board is to consist of "six unbiased members including one non-voting captain, one sergeant, and four members of the same rank as the accused member. The randomly selected captain shall serve as presiding officer at the hearing." § 43.150.1.

Mr. Ehler argues that his due process rights were violated because the captain voted in the hearing, and thereby, enjoyed far more control and influence over the deliberations and discussions of the Board than the statute authorizes or contemplates. He alleges that the captain, by virtue of his rank and status, posed an intimidating presence, influence, and control over the actions, deliberations, decision, and disposition of the matter because he participated and voted in the committee proceedings.

In reviewing the record, it is not entirely clear that the captain voted. The recommendations of the Board were set out as follows:

> Recommendation: The Procedural Hearing Board finds by *unanimous decision* that substantial, credible, and suf-

ficient evidence existed to substantiate the foregoing charges against Trooper Ehler, as outlined in the Findings of Fact and Conclusions of Law. Upon due deliberation, therefore, due to the serious nature of the above-described violations, and based upon the record as a whole and the totality of all circumstances in this case, it is the Board's recommendation that Trooper Ehler be terminated as a member of the [MSHP] [*signature by all six members* ]. I, Captain Randall S. Beydler, as Presiding Officer of the Procedural Hearing Board that met ... do hereby certify the preceding pages to be true and accurate Findings of Fact, Conclusions of Law, Recommendation of said Procedural Hearing Board, and record of *how each member voted.*

(Emphasis added.) The decision was unanimous, and each member of the committee signed the recommendation. It is not unreasonable to consider the captain's signature as a confirmation of the decision of the committee as a member of the committee rather than an indication that he voted. The statement that it is a record of how each member voted is not necessarily directed to the signatures and may be a reflection of the statement that the Board's finding was unanimous.

Even if the captain voted in this case, it was a harmless error because the decision of the Board was unanimous. In *Medley v. Missouri State Highway Patrol,* a case heard before the statute included a non-voting presiding member, a unanimous decision was upheld, even if the sixth member should not have voted. 776 S.W.2d 405, 408–09 (Mo.App. E.D.1989). The court found that because the statute only required a majority, if the sixth member was ineligible to vote, the majority re-

---

1. All Statutory references are to RSMo 2000 and the Cumulative Supplement 2006.

quirement was met because a majority voted for termination. Thus, even if the captain voted, discounting his vote, a majority of the Board voted for termination, and the decision is valid.

Because the captain is a non-voting member, we suggest that the best practice for non-voting presiding officers on boards or committees of this type is to either not sign the recommendation and only certify the result or make it clear that he or she did not vote, for example, by placing non-voting in parentheses next to their signed name. Mr. Ehler's first point is denied.

■ In his second point, Mr. Ehler argues that the decision of the Board was incorrect because its findings of fact were not specific enough and the decision was not supported by competent and substantial evidence. He claims the Board ignored his years of service, found no facts other than intoxication and domestic discord while off-duty at home to support the decision, and the administrative record as a whole did not reflect facts warranting termination of employment.

First, Mr. Ehler argues that the findings of fact did not find or identify any conduct that violated any MSHP General Order. MSHP argues that the charges and findings demonstrate a violation of the Patrol's General Orders. General Order 26–02–1019, Item I–B–2 prohibits "conduct that is unbecoming an employee of the Patrol. Such conduct includes that which has a tendency to adversely affect, lower, or destroy public respect or confidence in the Patrol, brings the Patrol or any Patrol component or employee into disrepute, brings discredit upon the employee...."

The Board found that Trooper Ehler's conduct laid out in the "charge(s) is in direct violation of Department regulations and Missouri statutes in that it demonstrates a disregard for the laws of this state, tarnishes the Department's reputa-tion, undermines the public's confidence in the Patrol, and brings discredit upon the member." The charges referred to includes domestic disputes in which he was intoxicated, one in 2006, and three others, one in 2002, and two in 2005, for which he had been disciplined. Thus, Mr. Ehler's argument that the Board made no finding that he was in violation of any General Order is incorrect. The Board found that Mr. Ehler was in violation of the Department's regulations, and the findings of fact cite General Order 26–02–1019, Item I–B–2.

Mr. Ehler also argues that the Board's decision was against the overwhelming weight of the evidence. The evidence cited by Mr. Ehler shows that the testifying witnesses did not feel that the reputation of the MSHP had been tarnished as a result of Mr. Ehler's conduct. However, the General Order does not require actual damage to the MSHP's reputation; instead, the Order is violated by behavior that has a tendency to reflect poorly on MSHP. These witnesses' personal opinions have little bearing on this issue. It is difficult to suggest that multiple 911 calls for intoxicated domestic disputes have no tendency to negatively affect the reputation of MSHP. Mr. Ehler's second point is denied.

For the foregoing reasons we reverse the decision of the circuit court and affirm the decision of the Board.

HAROLD L. LOWENSTEIN, P.J., and JOSEPH M. ELLIS, J. concur.